## TROY & ALBIA H. R. CO. *v.* SMITH.

*(Supreme Court, General Term, Third Department.* September 25, 1890.)

NEGOTIABLE INSTRUMENTS—FRAUDULENT TRANSFER.

Money belonging to an estate of which defendant and one H. were executors, and in the possession of defendant, was paid over by him to H., the latter giving therefor his note payable to order of defendant as such executor, with a negotiable bond as collateral security. The bond was the property of a corporation of which H. was treasurer, and was fraudulently transferred by him, but of this defendant had no actual knowledge. *Held,* that defendant acquired no title to the bond as against the corporation.

Appeal from circuit court, Rensselaer county.

Action by the Troy & Albia Horse-Railroad Company against George B. Smith, to recover possession of a certain bond alleged to be the property of the plaintiff. The defendant and Theodore E. Haslehurst were the acting executors of Gorton P. Cozzens, deceased, and Haslehurst was also the treasurer of the plaintiff, and, as such, the custodian of the bond in question. The defendant, on January 31, 1888, had in his hands upwards of $900 belonging to the estate, and, on the application of his co-executor, Haslehurst, to him for $900 of these moneys, an arrangement was made between them whereby the defendant then paid over to Haslehurst said $900, and took from him therefor the note of Haslehurst of that date, payable to the order of defendant as such executor, with the bond in suit as collateral. The bond was the property of the plaintiff, from whose possession Haslehurst fraudulently transferred it, although without any actual knowledge of the defendant of such wrongful conversion. Haslehurst died insolvent, and leaving the note unpaid. On trial by the court without a jury, the judge rendered a decision in favor of plaintiff. From the judgment entered thereon defendant appeals.

Argued before LEARNED, P. J., and LANDON and MAYHAM, JJ.

*Henry A. Merritt, (Merritt & Ryan,* of counsel,) for appellant. *Levi Smith, (Smith & Parmentier,* of counsel,) for respondent.

LANDON, J. Haslehurst knew that the bond belonged to the plaintiff and not to himself. He and the defendant were executors of Cozzens. What he knew as an individual, with respect to his lack of title to the bond, he could not help knowing as executor. *Holden* v. *Bank,* 72 N. Y. 286. When he delivered the bond to his co-executor, the defendant, whatever title was thereby conferred was conferred upon himself and the defendant as co-executors, and with all the infirmity of which Haslehurst had knowledge. This results from their holding the estate of their testator as joint tenants. 1 Rev. St. p. 727, § 44. The two are esteemed one person with respect to the title whereby they hold, (*Wheeler* v. *Wheeler,* 9 Cow. 34,) although each one is only liable for his own acts, (*Ormiston* v. *Olcott,* 84 N. Y. 339.) Whatever title the defendant has to the bond is in his right as executor, and he can have no better title than his co-tenant had. Whether he will be made personally liable to the estate for allowing Haslehurst to convert the money of the estate to his own use, cannot be determined in this action. Judgment affirmed, with costs. All concur.