(6 App. Div. 26.)

PEOPLE ex rel. ACKERMAN v. LUMB et al., Water Commissioners.

(Supreme Court, Appellate Division, Second Department.  June 2, 1896.)

APPEALABLE ORDERS—ALTERNATIVE MANDAMUS.

An order directing an alternative mandamus to issue is in the nature of an order to show cause, and does not affect a substantial right.

Appeal from special term, Dutchess county.

Application by Westervelt Ackerman for a writ of mandamus to compel Charles L. Lumb, Edmund Platt, Abram S. Humphrey, Charles H. Shurter, and Howard H. Welles, as water commissioners of the city of Poughkeepsie, composing the water board of said city, to appoint relator to the position of engineer to the pumping works in said city. From an order directing that an alternative writ of mandamus issue, respondents appeal. Dismissed.

Argued before BROWN, P. J., and PRATT, CULLEN, BART-LETT, and HATCH, JJ.

P. E. Ackert, for appellant.

C. Morschauser, for respondents.

BROWN, P. J. The relator, who is an honorably discharged soldier of the army during the Rebellion, and who claims to have passed the necessary civil service examination, and been placed upon the eligible list for the position of engineer to the pumping works in the city of Poughkeepsie, applied to the special term, upon his own affidavit, and due notice to the respondents, for a peremptory manda-mus commanding the respondents to meet as a water board of said city and appoint him to the position of engineer. The respondents opposed said application, reading, in opposition to the relator's affi-davit, the affidavits of the superintendent of the waterworks and one of the water commissioners. In these affidavits it is alleged that there is no vacancy in the office of the engineer, and the relator's fitness for the position is denied. The court thereupon made an or-der that an alternative writ of mandamus issue, commanding the re-spondents, in case they failed to appoint the relator to the position he seeks, to show cause and make return to the writ within 20 days after due service thereof upon them. From this order the respond-ents have appealed.

The order is not appealable. People v. Devermann, 83 Hun, 181, 31 N. Y. Supp. 593. An alternative mandamus is in the nature of an order to show cause. People v. Ransom, 2 N. Y. 490; People v.

Mitchell, 39 N. Y. St. Rep. 767, 15 N. Y. Supp. 305. It does not affect a substantial right, because it determines nothing against the respondents·or in favor of the relator. It cannot be quashed or set aside for any matter involving the merits. Code Civ. Proc. § 2075. The writ may be demurred to by the respondents, or they may make a return which may be demurred to by the relator. Sections 2076–2078. The writ and the return constitute, in substance, pleadings, upon which issues of fact or law will arise, accordingly as there may be demurrers to or denials of the facts alleged. Upon those pleadings the issue, whatever it may be, will be determined, and until such determination no substantial right of any party is affected. An appeal from an order made in a special proceeding, like an appeal from an order made in an action, lies only when it affects a substantial right. Code Civ. Proc. § 1356.

The appeal must be dismissed, with $10 costs. All concur.