(16 App. Div. 97.)

PEOPLE ex rel. EARL v. ENGLAND.

(Supreme Court, Appellate Division, Second Department. April 26, 1897.)

1. OFFICERS—PREFERENCE OF VETERANS—CLERK OF POLICE COURT.
    A clerk appointed by the justice of a police court in Brooklyn to serve during the pleasure of the justice (Laws 1888, c. 583, tit. 21, § 14) is not an "employé" of the city, within Laws 1887, c. 708, entitled "An act providing for the employés of the various departments of the city of Brooklyn," and providing that an. honorably discharged veteran shall not be removed from a position in said city except for cause, after a hearing, nor within Laws 1892, c. 577, containing a similar provision in regard to employés of various cities and counties of the state.

2. SAME—AMENDMENT OF STATUTE.
    Laws 1894, c. 716; giving preference to appointment in the public service of the state to honorably discharged veterans, does not amend Laws 1892, c. 577, giving a veteran preference of appointment to position in the various cities and counties of the state.

Appeal from trial term, Kings county.

Proceeding by Mortimer C. Earl against George E. England to determine title to an office. From a judgment in favor of defendant entered on the decision of the court without a jury, relator appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

Luke D. Stapleton, for appellant.
Alfred E. Mudge, for respondent.

CULLEN, J. This action is brought to determine the respective titles of the relator and the defendant to the office of clerk of the Fourth district police court in the city of Brooklyn. The relator was appointed clerk on the 10th day of October, 1893, by William Watson, police justice. The defendant was appointed clerk on the 1st day of May, 1896, by one Andrew Lemon, who succeeded Watson as police justice. Section 14, tit. 21, of the charter of the city of Brooklyn (chapter 583, Laws 1888), creates the office of clerk and prescribes the method of filling the office, as follows:

"From and after the passage of this act, the justices of the peace and police justices in said city shall each have sole power to appoint a clerk of their respective courts; also to appoint such other clerks, assistants, stenographers as the common council may authorize. All such appointees to serve during the pleasure of said justices."

The clerks so appointed are required to collect and pay into the city treasury all fees, fines, and penalties, keep a docket of the cases, and are authorized, in the absence of the justice or judge, to adjourn pending cases. The relator is a veteran soldier of the late war, and claims that under the provisions of various statutes, hereafter to be discussed, the provision that the clerk should serve during the pleasure of the justices did not apply to him, and that he could not be removed from office except for cause, after trial and a hearing. The trial court decided in favor of the defendant, and from the judgment entered on that decision this appeal is taken.

There are several independent statutes giving veterans a preference to appointment in public service, and giving them, when appointed, a security of tenure not possessed by other citizens. It is necessary to examine each of these several statutory provisions to see if it covers the case of the relator. First, there is the local enactment applicable to the city of Brooklyn alone. Chapter 708 of the Laws of 1887 is entitled, "An act providing for the employés of the various departments of the city of Brooklyn and county of Kings." Its provisions are:

"Sec. 1. All persons holding position in the city of Brooklyn, or county of Kings, receiving salary from said city and county treasury, who shall be an honorably discharged soldier or sailor of the late war of the Rebellion, shall not be removed from such position, except for good cause, shown after a hearing had, but such person or persons shall hold such position for and during good behavior."

Previous to this time a statute had been passed directing the appointment of commissioners to revise the charter of the city of Brooklyn and local laws applicable to that city. The revision made by the commission was enacted as a statute in chapter 583 of the Laws of 1888. The provision as to veterans is found in section 29 of title 22 of that act, which reads:

"The compensation of clerks and subordinates in the several departments shall not exceed in the aggregate the appropriation made by the board of estimate for the purpose. All persons holding position in the city of Brooklyn receiving salary from said city who shall be an honorably discharged soldier or sailor of the late war of the Rebellion shall not be removed from such position, except for good cause, shown after a hearing had, but such person or persons shall hold such position for and during good behavior."

It will be thus seen that the very words of the act of 1887 have been repeated in the revision of 1888. I think it clear that neither of these statutory provisions covers the case of the relator. The term "position" is an indefinite one. It may include officers, or it may be limited to cases of employés. It is therefore proper and necessary to refer to the title of the statute to determine its scope and extent. People v. Davenport, 91 N. Y. 574; People v. Spicer, 99 N. Y. 225, 1 N. E. 680; Bell v. Mayor, etc., 105 N. Y. 139, 11 N. E. 495. Referring to the title, we see that the statute is limited solely to employés. If we consider the provisions of the charter

of 1888 as an independent statute, the same conclusion is reached. Section 29 deals only with clerks and subordinates in the several departments. This is apparent, for the first sentence of the section provides that their compensation shall not exceed in the aggregate the appropriation made for that purpose. But the statute of 1888 is not to be treated as an independent enactment on the subject. It was intended to be a mere revision of existing laws, and in such case an intent to change the law will not be attributed to the legislature, unless such intent is plainly manifest. The relator was not an employé in any department of the city of Brooklyn or the county of Kings, but an independent public officer.

The next laws on the subject, to be considered, are chapter 119 of the Laws of 1888 and chapter 577 of the Laws of 1892. The latter of these statutes is an amendment of the earlier one. The statute is entitled, "An act relating to employés of the various cities and counties of the state." Its provisions, as they now stand, are:

"No person holding a position by appointment in any city or county of this state or who may hereafter be appointed, receiving a salary from such city or county (unless he has been appointed for a definite term), who is an honorably discharged soldier, sailor or marine, having served as such in the Union army or navy during the war of the Rebellion, or the Mexican war and who shall not have served in the Confederate army or navy, or who shall have served the time required by law in the volunteer fire department of any city, town or village in the state, or who shall have been a member thereof at the time of the disbandment of said volunteer department, shall be removed from such position except for cause shown after a hearing had; but this provision shall not be construed to apply to the position of private secretary or chief clerk or deputy of any official or department, or to any other person holding a confidential relation to the appointing officer."

This is a general law, applicable to all cities and counties in the state. The title of the act limits its purview, and to the same extent as that of the local act applicable to the city of Brooklyn. In the case of People v. Goetting (Sup.) 8 N. Y. Supp. 742, I had occasion to examine the question whether the office of clerk fell within the protection of this statute, and reached the conclusion that it did not. I was of opinion that the clerk of the justice's court was a chief clerk, within the express exception of the statute. This decision was affirmed by the general term of this department. On appeal to the court of appeals (133 N. Y. 569, 30 N. E. 968), that decision was affirmed, but on the sole ground that mandamus would not lie, the court declining to pass upon the merits. Still the case remains good authority, so far as the decision of the general term is concerned, and I see no reason to change the views there expressed by me. The learned counsel for the relator is mistaken in his statement that the statute has been amended so as to strike out the office or position of chief clerk from the exceptions. He has fallen into this error by regarding chapter 716 of the Laws of 1894 as amending the act of 1892. It does not, but is a part of different and independent legislation on the subject of veterans. In 1884 (chapter 312) was passed the earliest statute on the subject of veterans. It is entitled, "An act respecting the employment of honorably discharged Union soldiers and sailors in

the public service of the state of New York." By this statute it is provided that:

"In every public department and upon all public works of the state of New York, and of the cities, towns and villages thereof, * * * honorably discharged Union soldiers and sailors shall be preferred for appointment and employment; * * * But the provisions of this act shall not be construed to apply to the position of private secretary or deputy of any official or department, or to any other person holding a strictly confidential position."

In People v. Lathrop, 142 N. Y. 113, 36 N. E. 805, the court of appeals held that this statute, while it gave veterans a preference in the public employment, in no way affected their liability to removal from employment, which was wholly untrammeled. To remedy this the amendment of 1894 was passed, which prohibits removal except for incompetency, and conduct inconsistent with the position held by the employé or appointee. But though the veteran can, under this statute, be removed only for incompetency or misconduct, he is not entitled to a hearing or trial before removal. People ex rel. Fonda v. Morton, 148 N. Y. 156, 42 N. E. 538. Here, also, the scope of the statute is limited. It is said of it by Judge Andrews, in the case cited:

"It was intended to create a privileged class entitled to preferential employment in subordinate positions in the public service, the foundation of the preference being meritorious service as soldiers and sailors in the war for the preservation of the Union."

It is thus seen that there are three separate and distinct sets of statutory regulation on the subject of the appointment of veterans to office, and their tenure of office when appointed. The first is the local provision applicable to Brooklyn alone; the second, the provision applicable generally to cities and counties; the third, a provision relative to the public service of the state, and also in the public departments and public works of the cities, towns, and villages. All these three seem to be co-existing, none repealing the others. By each of these the removal of a veteran, except for cause, is forbidden, but only by the first two is a veteran entitled to a trial or hearing as a condition of his discharge. All these, as I have attempted to show, and as was held by Chief Judge Andrews in the Fonda Case, are limited to subordinate positions in the public service. I do not deny that the term "position" not only may include an office, but does include some offices. But it is impossible to draw any line, and to say what offices lie within it or what without it. The two statutes that are peculiarly applicable to the relator's case are the charter provision of the city of Brooklyn and the act relative to cities and counties of the state. I think I have shown that his office falls within neither of these. When to this is added the express provision of the statute that each justice should appoint a clerk, and the clerk hold office at the pleasure of the justice, I think it clear that the legislature did not intend to make the office of clerk subject to any provisions of law which would give an incumbent a permanent tenure.

The judgment appealed from should be affirmed, with costs. All concur.