## In re GOODWIN.

(Supreme Court, Appellate Division, Second Department.   May 3, 1898.)

JUSTICES OF THE PEACE—TERMS OF EMPLOYES.

>   The provision of the Greater New York charter (section 1373) that certain clerks and other employés in office on January 1, 1898, shall continue until the "expiration of their respective terms," does not operate to protect such employés in the former justices' courts of Brooklyn as held office, under Laws 1888, c. 583, tit. 21, § 14, "during the pleasure of said justices"; for the latter were still able, certainly during the month of January, 1898, under section 1384, to remove them, and thus effect an expiration of their terms.

Appeal from special term.

Application of Thomas R. Goodwin for a writ of mandamus directed to Jacob Neu, justice of the peace.   From an order directing that it issue, defendant appeals.   Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

James F. Quigley, for appellant.

Almet F. Jenks (R. Percy Chittenden, on brief), for respondent.

WOODWARD, J.   Thomas R. Goodwin was an assistant clerk of one of the justices' courts of the city of Brooklyn prior to the inauguration of Greater New York, under the provisions of chapter 378 of the Laws of 1897, and was by the operation of this law changed to an assistant clerk of the municipal court of the city of New York for the First district of the borough of Brooklyn. Section 1373.   On the 20th day of January, 1898, Jacob Neu, a justice of the municipal court, removed Mr. Goodwin from office because of an alleged neglect of duty and absence from his office, and appointed one James A. Dunne in his place, for a term of six years, as provided by section 1373.   Mr. Goodwin petitioned the special term of this court for a writ of mandamus to compel the said Justice Neu to "certify a pay roll of said court for January, 1898, and specifying therein the sum due petitioner, as assistant clerk thereof, of two hundred and fifty dollars, salary for such month."   Upon the hearing of this motion the special term directed an alternative writ of mandamus, "directed to said respondent, commanding him to certify a pay roll of his said court for the month of January, 1898, and specifying therein the sum of two hundred and fifty dollars as the amount due petitioner, as assistant clerk of said court, for said month of January, 1898; this alternative writ of mandamus to issue only upon the issue of fact raised by the respondent herein, as to whether petitioner is entitled to be certified for the whole month's pay, on account of his alleged absence from duty; it being hereby ordered, found, and determined that petitioner is entitled to be certified as prayed, except as to the time of such alleged absence."   From this order the petitioner appeals, as it denies the prayer for a peremptory writ, and the respondent appeals from the order in so far as it grants any relief whatever.

It has been held in this state that no appeal lies from an alternative writ of mandamus, it being in the nature of an order to show cause. People v. Lumb, 6 App. Div. 26, 39 N. Y. Supp. 514. But in the present instance, the order being peremptory except as to a portion of the relief prayed for, it seems proper to consider the questions raised, and to determine them. The court, in granting this order, based its action upon the proposition that "there was no power in Justice Neu to remove the relator at the time he attempted to, as power of removal was then lodged in the appellate division of the supreme court alone"; and, as this goes directly to the merits of the case, it is proper to consider the facts, that we may determine whether the order of the court below is justified. The petitioner was appointed to the office of assistant clerk of the court of justice of the peace under the provisions of chapter 583 of the Laws of 1888. Section 14 of title 21 of this act provides that:

"Justices of the peace and police justices in said city shall each have sole power to appoint a clerk of their respective courts; also to appoint such other clerks, assistants, stenographers as the common council may authorize. All such appointees to serve during the pleasure of said justices."

There can be no doubt, therefore, that up to the 31st day of December, 1897, Justice Neu would have been at liberty to dismiss the petitioner without notice. By the provisions of title 2 of chapter 378 of the Laws of 1897, the justices' courts of the city of Brooklyn were abolished, and the municipal court of the city of New York, with like jurisdiction and powers, was established in their stead. The act provides for the appointment of clerks, stenographers, etc.; such clerks to hold office for a term of six years. It also provides that:

"The clerks, assistant clerks, stenographers, interpreters and attendants of the district courts in the city of New York and of the justices' courts of First, Second and Third districts of the city of Brooklyn, who shall be in office on the first day of January, eighteen hundred and ninety-eight, shall continue until the expiration of their respective terms, in the like capacities as officers of the said municipal court."

The term of the petitioner had no fixed limit. It expired at the pleasure of the justice making the appointment. This court, commenting on the same provision of the Laws of 1888, in the case of People v. England, 16 App. Div. 97, 45 N. Y. Supp. 12, say:

"When to this is added the express provision of the statute that each justice should appoint a clerk, and the clerk hold office at the pleasure of the justice, I think it clear that the legislature did not intend to make the office of clerk subject to any provisions of law which would give an incumbent a permanent tenure."

And this must be practically the case if we are to hold that the justice in the case at bar had no power to end the term of the petitioner. The statute says that he shall hold his office until the close of his term, and, as there is no end to this term until the appointing power has made an election, he may hold continuously, subject only to removal on notice; thus giving him a better tenure of office than that accorded to his fellow clerks. The legislature had no such intention. It did not intend to give clerks in office any greater rights than they would have had under the law as it

stood at the time of the enactment of the Greater New York char-
ter. Section 1384 is not inconsistent with this theory, if construed
with the idea of carrying out the intention of the legislature, and
any other construction would bring it into conflict with section 2,
art. 10, of the constitution. This section was merely intended to
continue the officers of the justices' court in a position to transact
the business of the court after the statute under which they had
been elected or appointed had been repealed, as was done in this
state under the revised constitution of 1894, when the superior city
courts were merged into the supreme courts; the change being
made one year after the other portions of the constitution had gone
into effect. In other words, so much of the law of 1888 as pro-
vided for the carrying on of the business of justices' courts in the
city of Brooklyn was not repealed by the Greater New York char-
ter until midnight on the 31st day of January, 1898; the law was
fully operative, in so far as this petitioner is concerned, just as it
was at the time of his appointment; and his tenure of office was at
all times during the month of January, 1898, subject to the will
of the respondent, who had a clear right to dismiss him from office.
This is clearly the intent and scope of the statute. It says that:

"Until midnight of said thirty-first day of January, eighteen hundred and
ninety-eight, the district courts and justices' courts, and the justices' clerks, assist-
ant clerks, attendants, stenographers, interpreters and other employés thereof,
in any and all portions of the territory included within the city of New York,
as constituted by this act, shall continue to perform all the duties and exercise
all the powers which may be by law imposed on or vested in them on the
thirty-first day of December, eighteen hundred and ninety-seven."

The power to remove the petitioner was vested in Justice Neu
on the 31st day of December, 1897, and that power was contin-
ued at least "until midnight of said thirty-first day of January,
eighteen hundred and ninety-eight." It follows, then, that the
direction contained in section 1384, in so far as it relates to this
petitioner, was subject to the power of the respondent to remove
him. This makes it unnecessary to go into a consideration of
the questions of the proper remedy. The right to recover at all
depends upon the right of the petitioner to hold the office, and, it
clearly appearing that he was removed from office on the 20th day
of January, he could have no claim for salary after that time; and
there is no reason to suppose that the city of Brooklyn is not will-
ing to discharge any just obligation which it may owe to this pe-
titioner, without the compulsory process of mandamus. It may be
proper to remark, in this connection, that section 1383, on which
the court below relies for justification of the order granted, has no
bearing on the present case, but relates wholly to clerks, etc., who
shall be elected or appointed to office under the provisions of the
Greater New York charter. The language of the section is that:

"The justices of said court [meaning thereby the justices of the municipal court
created by this act] and the clerks and assistant clerks thereof may be removed
for cause after due notice and an opportunity of being heard," etc.

This does not limit the power which was extended to the justices'
courts during the month of January, and before this court had been

instituted. But the petitioner was not removed from office, in the sense that it is used in the section referred to above. His term expired by reason of the election of the justice to use the power conferred upon him by law, and of which power the petitioner must be assumed to have had full notice when he accepted the appointment.

It is very doubtful whether a mandamus was the proper remedy in any event, but it is hardly profitable to go into this discussion now. It is enough that the petitioner has no claim upon the office for which he seeks to compel Justice Neu to certify a pay roll; and we must leave him to his remedy at law for any salary which may be due him for services rendered prior to January 20, 1898.

Order appealed from reversed, alternative writ of mandamus set aside, and motion denied, without costs. All concur.