In the Matter of the Estate of BALTHASAR KREISCHER, Deceased.

CHARLES H. STEINWAY and Others, as Executors, etc., of WILLIAM STEINWAY, Deceased, Appellants; GEORGE F. KREISCHER, Sole Surviving Trustee of the Estate of BALTHASAR KREISCHER, Deceased, Respondent.

*A surviving trustee may compel an accounting by the executors of his deceased co-trustee — an order to show cause in the alternative is not appealable.*

Where a trustee, at the time of his death, has in his possession bonds, constituting part of the trust estate, the surrogate has power, under the provisions of section 2606 of the Code of Civil Procedure, on the application of his surviving co-trustee, who is a "person interested in the estate," within the meaning of that section, to compel the executors of the deceased trustee to account for their decedent's proceedings as trustee.

An order, commanding the deposit of the missing bonds with a trust company, or, in the alternative, that the executors of the deceased trustee show cause why such deposit should not be made, is merely an order to show cause in the form usually adopted in an alternative writ of mandamus, and is not appealable.

APPEAL by Charles H. Steinway and others, as executors, etc., of William Steinway, deceased, from an order of the Surrogate's Court of Richmond county, entered in said court on the 18th day of February, 1898, requiring the appellants to render an account of the proceedings of the said William Steinway, as trustee of the estate of Balthasar Kreischer, deceased, and requiring them to deposit certain bonds with the Farmers' Loan and Trust Company, or show cause why said bonds should not be so deposited.

*Henry Hoyt* [*G. W. Cotterill* with him on the brief], for the appellants.

*David McClure*, for the respondent.

WILLARD BARTLETT, J.:

By the will of Balthasar Kreischer a trust was established in favor of one Caroline L. Ellis and others, of which George F. Kreischer, the son of the testator, and William Steinway were constituted trustees. William Steinway is dead, and this proceeding is instituted by George F. Kreischer, the sole surviving trustee, to compel Mr. Steinway's executors to account, under the provisions of section 2606 of the Code of Civil Procedure. By the answer to the petition it is admitted that Mr. Steinway had in his possession, during 1892, as trustee for Caroline L. Ellis, twenty-five bonds of the Astoria Homestead Company and eleven bonds of the Steinway Railway Company of Long Island City, which have been deposited by the executors with the Farmers' Loan and Trust Company, where they remain on deposit subject to the further order of the Surrogate's Court. The executors, however, state that they are unable to find fourteen other bonds of the Steinway Railway Company, which where apparently in Mr. Steinway's possession in 1892. The order of the surrogate directs the executors to account for Mr. Steinway's proceedings as trustee of the estate of Balthasar Kreischer, deceased, in respect to the trust created for the benefit of Caroline L. Ellis, and further commands the executors to deposit with the Farmers' Loan and Trust Company the fourteen missing bonds of the Steinway Railway Company, already mentioned, or to show cause, at a date mentioned in the order, which is now passed, why such deposit should not be made.

So far as the order directs an accounting by the executors of Mr. Steinway, the respondent's deceased co-trustee, the appellants insist that the surrogate had no jurisdiction in the premises. Their contention is that section 2606 of the Code of Civil Procedure does not apply to the case of a co-trustee at all. That section provides as follows: "Where an executor, administrator, guardian or testamentary trustee dies, the Surrogate's Court has the same jurisdiction, upon the petition of his successor, or of a surviving executor, administrator or guardian, or of a creditor, or person interested in the estate,

or of a guardian's ward, or the legal representative of a deceased ward, or a surety upon the official bond of the decedent, or the legal representative of a deceased surety, to compel the executor or administrator of the decedent to account, which it would have against the decedent if his letters have been revoked by a surrogate's decree." This provision does not, in express terms, empower the Surrogate's Court to compel an accounting by the executors of a deceased testamentary trustee at the instance of a surviving co-trustee; but we think it perfectly clear that such a co-trustee is included in the class designated by the clause which authorizes the Surrogate's Court to require the executor of a deceased testamentary trustee to account at the instance of a "person interested in the estate." In *The Matter of Moehring* (154 N. Y. 423) it is said that "the general purpose of that section was to call an executor of an executor to account for the money or property belonging to the first estate which comes into his hands, and to require him to pay and deliver it over to a legal representative of that estate."

Upon the death of Mr. Steinwey, his co-trustee, the respondent in this proceeding, became vested with the legal title to the entire trust estate arising out of the Ellis bequest under the will of Balthasar Kreischer. As such trustee he is interested in the estate, both in the strictest and in the broadest sense. It is not only his right, but his duty, to acquire actual possession of all the trust property, and hold the same under his own personal control for the benefit of the *cestui que trust*. To show that the respondent is not a person interested in the estate, the appellants refer to subdivision 11 of section 2514 of the Code, in which it is declared that the expression "person interested," where used in connection with an estate or fund, "includes every person entitled, either absolutely or contingently, to share in the estate or the proceeds thereof, or in the fund, as husband, wife, legatee, next of kin, heir, devisee, assignee, grantee or otherwise, except as a creditor." Obviously, however, this definition is not intended to be exclusive. Indeed, it would seem that no argument is necessary to show that a party in whom the legal title to an estate is vested must be regarded as a person interested therein.

The order of the Surrogate's Court should, therefore, be affirmed so far as it directs the appellants to render an account of the pro-

ceedings of their decedent as trustee of the Ellis estate under the will of Balthasar Kreischer.

As to the latter portion of the order, commanding the deposit of the fourteen missing bonds with the Farmers' Loan and Trust Company, or in the alternative that the executors of Mr. Steinway show cause why such deposit should not be made, we think the appeal must be dismissed. This portion is merely an order to show cause, in the form usually adopted in an alternative writ of mandamus, and is not appealable. (*People ex rel. Ackerman* v. *Lumb*, 6 App. Div. 26.)

Order affirmed, so far as it directs an accounting; appeal dismissed, so far as the rest of the order is concerned. As the return day of the alternative order to show cause has passed, the surrogate will, undoubtedly, modify the order by inserting a new date.

All concurred.

Order affirmed, so far as it directs an accounting; appeal dismissed as to the remainder of the order, with ten dollars costs and disbursements to the respondent.