In the Matter of the Application of THOMAS R. GOODWIN for a Writ of Mandamus.

THOMAS R. GOODWIN, Appellant; JACOB NEU, Justice of the Municipal Court of the City of New York for the First District of the Borough of Brooklyn, Respondent.

*Removal, on January* 20, 1898, *of an assistant clerk of a Justice's Court of Brooklyn, made assistant clerk of the Municipal Court of New York by the Greater New York charter — appeal from an alternative writ of mandamus.*

An assistant clerk of one of the Justices' Courts of the city of Brooklyn, changed by the Greater New York charter (Chap. 378, Laws of 1897) to an assistant clerk of the Municipal Court of the city of New York for the first district of the borough of Brooklyn, was, on the 20th day of January, 1898, removed from office by the justice of the Municipal Court because of an alleged neglect of duty and absence from his office, and another person was appointed in his place for a term of six years, under section 1373 of the act.

On an application to the Supreme Court an alternative writ of mandamus was ordered to issue, directed to the said justice of the Municipal Court, requiring him to " certify a payroll of his said court for the month of January, 1898, and specifying therein the sum of two hundred and fifty dollars as the amount due petitioner as assistant clerk of said court for said month of January, 1898, this alternative writ of mandamus to issue only upon the issue of fact raised by the respondent herein, as to whether petitioner is entitled to be certified for the whole month's pay on account of his alleged absence from duty, it being hereby ordered, found and determined that the petitioner is entitled to be certified as prayed, except as to the time of such alleged absence."

*Held*, that, although no appeal lay from an order granting an alternative writ of mandamus, yet, as in the present case the order was peremptory, except as to a portion of the relief prayed for, it was proper to consider the questions raised and to pass upon them;

That the power conferred upon the justice by section 14 of title 21 of the charter of the city of Brooklyn (Chap. 583, Laws of 1888), to remove the assistant clerk from office at will, was, by section 1384 of the Greater New York charter, continued in force up to midnight of the 31st day of January, 1898;

That section 1383 of the Greater New York charter relates wholly to clerks who shall be appointed to office under the provision of the Greater New York charter;

That the petitioner was not removed from office in the sense in which that term is used in section 1383, but that his term of office expired by reason of the election of the justice to use the power conferred upon him by law.

*Quære*, whether, in any event, mandamus was the proper remedy in this case.

APPEAL by the petitioner, Thomas R. Goodwin, from so much of an order of the Supreme Court, made at the Kings County Special Term, bearing date the 1st day of April, 1898, and entered in the office of the clerk of the county of Kings, as provides as follows : " Ordered, that an alternative writ of mandamus issue out of and under the seal of this court, directed to said respondent, commanding him to certify a payroll of his said court for the month of January, 1898, and specifying therein the sum of two hundred and fifty dollars as the amount due petitioner as assistant clerk of said court for said month of January, 1898 ; this alternative writ of mandamus to issue only upon the issue of fact raised by the respondent herein as to whether petitioner is entitled to be certified for the whole month's pay on account of his alleged absence from duty."

*James F. Quigley*, for the appellant.

*Almet F. Jenks* [*R. Percy Chittenden* with him on the brief], for the respondent.

WOODWARD, J. :

Thomas R. Goodwin was an assistant clerk of one of the Justices' Courts of the city of Brooklyn prior to the inauguration of the Greater New York, under the provisions of chapter 378 of the Laws of 1897, and was by the operation of this law changed to an assistant clerk of the Municipal Court of the city of New York, for the first district of the borough of Brooklyn. (§ 1373.) On the

20th day of January, 1898, Jacob Neu, a justice of the Municipal Court, removed Mr. Goodwin from office because of an alleged neglect of duty and absence from his office, and appointed one James A. Dunne in his place, for a term of six years, as provided by section 1373. Mr. Goodwin petitioned the Special Term of this court for a writ of mandamus to compel the said Justice Neu to " certify a payroll of said court for January, 1898, and specifying therein the sum due petitioner as assistant clerk thereof of two hundred and fifty dollars, salary for such month." Upon the hearing of this motion the Special Term directed an alternative writ of mandamus " directed to said respondent commanding him to certify a payroll of his said court for the month of January, 1898, and specifying therein the sum of two hundred and fifty dollars as the amount due petitioner as assistant clerk of said court for said month of January, 1898, this alternative writ of mandamus to issue only upon the issue of fact raised by the respondent herein as to whether petitioner is entitled to be certified for the whole month's pay on account of his alleged absence from duty, it being hereby ordered, found and determined that the petitioner is entitled to be certified as prayed, except as to the time of such alleged absence." From this order the petitioner appeals, as it denies the prayer for a peremptory writ.

It has been held in this State that no appeal lies from an order granting an alternative writ of mandamus, it being in the nature of an order to show cause (*People ex rel. Ackerman* v. *Lumb*, 6 App. Div. 26); but in the present instance, the order being peremptory except as to a portion of the relief prayed for, it seems proper to consider the questions raised, and to determine them. The court in granting this order, based its action upon the proposition that " there was no power in Judge Neu to remove the relator at the time he attempted to, as power of removal was then lodged in the Appellate Division of the Supreme Court alone ; " and as this goes directly to the merits of the case, it is proper to consider the facts, that we may determine whether the order of the court below is justified.

The petitioner was appointed to the office of assistant clerk of the court of justice of the peace under the provisions of chapter 583 of the Laws of 1888. Section 14 of title XXI of this act provides

that : " Justices of the peace and police justices in said city shall each have sole power to appoint a clerk of their respective courts; also to appoint such other clerks, assistants, stenographers as the common council may authorize. All such appointees to serve during the pleasure of said justices." There can be no doubt, therefore, that up to the 31st day of December, 1897, Justice Neu would have been at liberty to dismiss the petitioner without notice. By the provisions of title II of chapter XX of chapter 378 of the Laws of 1897 the Justices' Courts of the city of Brooklyn were abolished, and the Municipal Court of the city of New York, with like jurisdiction and powers, was established in their stead. The act provides for the appointment of clerks, stenographers, etc., such clerks to hold office for a term of six years. It also provided that : " The clerks, assistant clerks, stenographers, interpreters and attendants of the district courts in the city of New York, and of the justices' courts of first, second and third districts of the city of Brooklyn, who shall be in office on the first day of January, eighteen hundred and ninety-eight, shall continue until the expiration of their respective terms, in the like capacities as officers of the said municipal court." The term of the petitioner had no fixed limit; it expired at the pleasure of the justice making the appointment. This court commenting on the same provisions of the Laws of 1888, in the case of *People ex rel. Earl* v. *England* (16 App. Div. 97), say : " When to this is added the express provision of the statute that each justice should appoint a clerk, and the clerk hold office at the pleasure of the justice, I think it clear that the Legislature did not intend to make the office of clerk subject to any provisions of law which would give an incumbent a permanent tenure." And this must be practically the case if we are to hold that the justice, in the case at bar, had no power to end the term of the petitioner. The statute says that he shall hold his office until the close of his term, and as there is no end to this term until the appointing power has made an election, he may hold continuously, subject only to removal on notice, thus giving him a better tenure of office than that accorded to his fellow clerks. The Legislature had no such intention; it did not intend to give clerks in office any greater rights than they would have had under the law as it stood at the time of the enactment of the Greater New York charter. Section 1384 is not inconsistent with this theory, if con-

strued with the idea of carrying out the intention of the Legislature, and any other construction would bring it into conflict with section 2 of article 10 of the Constitution. This section was merely intended to continue the officers of the Justices' Courts in a position to transact the business of the court after the statute, under which they had been elected or appointed, had been repealed, as was done in this State under the revised Constitution of 1894, when the Superior City Courts were merged into the Supreme Courts, the change being made one year after the other portions of the Constitution had gone into effect. In other words, so much of the law of 1888 as provided for the carrying on of the business of Justices' Courts in the city of Brooklyn, was not repealed by the Greater New York charter until midnight on the 31st day of January, 1898. The law was fully operative, in so far as this petitioner is concerned, just as it was at the time of his appointment, and his tenure of office was, at all times during the month of January, 1898, subject to the will of the respondent, who had a clear right to dismiss him from office. This is clearly the intent and scope of the statute. It says, that, "Until midnight of said thirty-first day of January, eighteen hundred and ninety-eight, the District Courts and Justices' Courts, and the justices' clerks, assistant clerks, attendants, stenographers, interpreters and other employees thereof, in any and all portions of the territory included within the city of New York, as constituted by this act, shall continue to perform all the duties and exercise all the powers which may be by law imposed on, or vested in, them on the thirty-first day of December, eighteen hundred and ninety-seven." The power to remove the petitioner was vested in Justice Neu on the 31st day of December, 1897, and that power was continued, at least, "until midnight of said thirty-first day of January, eighteen hundred and ninety-eight." It follows, then, that the direction contained in section 1384, in so far as it relates to this petitioner, was subject to the power of the respondent to remove him. This makes it unnecessary to go into a consideration of the questions of the proper remedy. The right to recover at all depends upon the right of the petitioner to hold the office, and it clearly appearing that he was removed from office on the twentieth day of January, he could have no claim for salary after that time, and there is no reason to suppose that the city of Brooklyn is not willing to

discharge any just obligation which it may owe to this petitioner without the compulsory process of mandamus.

It may be proper to remark, in this connection, that section 1383, on which the court below relies for justification of the order granted, has no bearing on the present case, but relates wholly to clerks, etc., who shall be elected or appointed to office under the provisions of the Greater New York charter. The language of the section is that "The justices of *said court*," meaning thereby the justices of the Municipal Court created by this act, "and the clerks and assistant clerks thereof, may be removed for cause after due notice and an opportunity of being heard," etc. This does not limit the power which was extended to the justices of Justices' Courts during the month of January and before this court had been instituted.

But the petitioner was not removed from office in the sense that it is used in the section referred to above; his term expired by reason of the election of the justice to use the power conferred upon him by law, and of which power the petitioner must be assumed to have had full notice when he accepted the appointment.

It is very doubtful whether a mandamus was the proper remedy in any event, but it is hardly profitable to go into this discussion now. It is enough that the petitioner has no claim upon the office for which he seeks to compel Justice Neu to certify a payroll, and we must leave him to his remedy at law for any salary which may be due him for services rendered prior to January 20, 1898.

The order appealed from should be reversed, the order granting an alternative writ of mandamus set aside, and motion denied, without costs.

All concurred.

Order appealed from reversed, alternative writ of mandamus set aside, and motion denied, without costs.