## In re STEENCKEN et al.

(Supreme Court, Appellate Division, First Department. May 11, 1900.)

1. EXECUTORS AND ADMINISTRATORS—ACCOUNTING—DEATH OF ADMINISTRATOR—PROCEEDING—ABATEMENT.

Where co-executors, one of whom was also temporary administrator, file their account, which was referred to a referee, who, after hearing, reported to the surrogate, and pending action by the surrogate the executor and administrator died, the right of the surrogate to enter any personal decree against such party abated by his death, except so far as such deceased had in his hands property of the estate, for which he should personally account.

2. SAME—SURVIVING EXECUTOR.

Code Civ. Proc. § 2692, provides that, where one of two or more executors dies, the other may proceed and complete the administration of the estate, and may continue any action brought by or against all. Co-executors filed their account, which was referred to a referee, and reported by him to the surrogate, and pending action there one of the executors died. *Held*, that the proceedings as to the surviving executor might be continued by filing on the record a suggestion of the death, and an order continuing proceedings against such executor, and, as the executors took the estate as joint tenants, the interest of the deceased vested in the surviving executor, and it was his duty to complete the distribution of the estate.

Appeal from surrogate's court, New York county.

Judicial settlement of the accounts of William Steencken and Herman Bolte as executors of the estate of Christian Koch, deceased. Pending settlement, William Steencken died. From an order denying a motion to enter a decree directing distribution, Anna Dieckman, widow of decedent, appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, RUMSEY, PATTERSON, and INGRAHAM, JJ.

Louis Cohen, for appellant.
James P. Nieman, for respondents.

RUMSEY, J. William Steencken was temporary administrator of the estate of Christian Koch, and Steencken and Herman Bolte were the executors of Koch after the probate of his will. In December, 1895, Steencken filed his accounts as temporary administrator, and at the same time he and Bolte filed their accounts as executors of Koch's estate. Objections were filed to that account. It was referred to a referee, and a hearing upon the matter was had. The referee filed his report in the month of September, 1896. No action seems to have been taken upon it until the month of October, 1899, when the surrogate, having had the matter brought before him, overruled the objections to the report, and decreed that it should be confirmed. After that had been done it was ascertained that Steencken had died after the filing of the referee's report, and upon that fact being brought to the notice of the surrogate he made an order denying the application to enter an order confirming the referee's report, and for a decree directing the distribution of the estate, on the ground of want of power, because the personal representatives of the deceased executor were necessary parties. From that order this appeal is taken.

So far as it concerns the accounting by Steencken as temporary administrator, there can be no doubt that the proceeding abated upon his death. In re Schlesinger's Estate, 36 App. Div. 77, 55 N. Y. Supp. 514. So, also, the right of the surrogate to enter any personal decree against Steencken in respect of his accounts as executor abated by his death. But it does not follow from that fact that the surrogate was correct in refusing to enter any decree whatever in the matter. The two executors took the estate as joint tenants. 1 Rev. St. p. 727, § 44; Real Property Law, § 56. When one of them died, all his interest in the estate vested in the surviving executor (In re Kreischer's Estate, 30 App. Div. 313–315, 51 N. Y. Supp. 802), and it was his duty to proceed to complete the distribution of the estate (Code Civ. Proc. § 2692). After Steencken's death, therefore, all the property which had been in the hands of the two executors of Koch came by act of the law into the hands and possession of Bolte, and he, as surviving executor, was bound to go on and complete the distribution of the estate. Proceedings for an accounting, so far as he was concerned, still existed; and although the surrogate, by the death of Steencken, lost any power to make a decree which would charge Steencken personally in respect of the property of the estate which was in his hands, if there was any such, yet no reason is apparent why he should lose the power of proceeding against Bolte, and disposing of all the property which was in his hands, or, having been in the possession of both of the executors, vested in the possesion of Bolte at the death of his co-executor. In actions against partners and trustees in respect of the joint property, where when one of them dies, all the property vests in the other, as survivor, and it is not necessary to discontinue the action, or to substitute the personal representatives of the deceased partner or trustee, for the purpose of establishing a liability against the firm or the estate; but in such cases the action may be continued against the living defendant, by filing upon the record a suggestion of the death, and an order continuing the proceeding against the living person. We see no reason why this procedure should not be pursued in this matter. We are not advised as to the precise nature of the liability adjudged against these executors by the referee's report, but it is fair to assume, by what appears in the papers, that the report of the referee established the amount which they had in their hands. So far as that is concerned, a decree may still be made to distribute the property which is in the hands of Bolte as executor, or that may have come into his hands as surviving executor, or to make such other decree as may be necessary to protect the rights of the parties, although not to charge Steencken personally with any liability. It may be, too, that, if the fact is that Steencken has in his hands property of the estate for which he should file his accounts personally, the surrogate, in the exercise of his discretion, may postpone the entry of a decree until such steps should be taken, either by the surviving executor or by the surrogate himself, under section 2606 of the Code of Civil Procedure, to establish Steencken's liability; but, so far as the property of the estate is in the hands of the surviving executor, we see no reason why a decree may not be entered against him, fixing the amount in his hands, and disposing of the estate.

For this reason the surrogate erred in refusing to enter any decree, and the order must be reversed, with costs, and the matter remitted to the surrogate, in order that he may proceed upon the lines here indicated. All concur.