PEOPLE ex rel. WEBB v. CLARKE.

(Supreme Court, Appellate Division, Second Department. November 23, 1900.)

1. OFFICERS—PREFERENCE OF VETERANS—COUNTY DETECTIVE.
    A county detective appointed by the district attorney of the county of Kings under Laws 1896, c. 772, repealing all inconsistent acts, "to hold office during the pleasure of said district attorney," is not an employé of the city, within Laws 1887, c. 708, entitled "An act providing for the employés of the various departments of the city of Brooklyn," and providing that an honorably discharged veteran shall not be removed from a position in such city except for cause.

2. CIVIL SERVICE LAW—PERSON HOLDING CONFIDENTIAL RELATION TO APPOINTING OFFICER.
    A county detective, attached by Laws 1896, c. 772, to the office of the district attorney of Kings county, by whom he is appointed, and required, inter alia, to perform such duties as he may require, is a "person holding a strictly confidential relation to the appointing officer," within Laws 1899, c. 370, § 21, relating to the civil service, and providing that such section shall not apply to such a person.

Appeal from special term, Kings county.

Application for mandamus by the people, on the relation of James W. Webb, against John F. Clarke. From an order denying a motion for a peremptory writ, relator appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, and HIRSCHBERG, JJ.

Frederick E. Crane, for appellant.
Martin W. Littleton, for respondent.

WOODWARD, J. By the provisions of chapter 772 of the Laws of 1896, entitled "An act in relation to the office of district attorney of the county of Kings, providing for the election of district attorney and the appointment of clerks, stenographers and county detectives for said office," it was provided that "there shall be officers known as county detectives in the county of Kings and such officers are hereby created by the provisions of this act." These officers, not less than seven nor more than twelve, were to be appointed by the district attorney, who was authorized to fix their compensation, not to exceed $1,200 per year each. "The said county detectives" were "to hold office during the pleasure of the said district attorney." They were to "be attached to the office of the district attorney of said county," and were authorized to serve papers

and processes, etc., and to "perform such other duties as may from time to time be required of them by the said district attorney." The relator, an honorably discharged Union soldier, was appointed as a county detective, under the provisions of the statute above mentioned, on the 3d day of January, 1899, and on the 2d day of January, 1900, he was notified by the defendant that his services were no longer required; and the defendant attempted to discharge him from such position without giving him any hearing or alleging any good cause for such removal, and the defendant has since refused to accept any services from the relator, who now asks for a peremptory writ of mandamus to compel his reinstatement. The motion was denied at special term, and from the order denying the motion this appeal is brought; the relator urging that his removal was illegal, for two reasons,—one of them, that he is protected by chapter 708 of the Laws of 1887; and the other, that he is protected by the constitution and the provisions of chapter 370 of the Laws of 1899 known as the "White Civil Service Law."

If it be conceded that chapter 708 of the Laws of 1887 (a local statute dealing with the employés of the various departments of the city of Brooklyn and county of Kings) is still in force, it may be questioned whether it affords the protection which the relator demands. Mr. Justice Cullen had this statute under consideration in People v. England, 16 App. Div. 97, 45 N. Y. Supp. 12; and it was there held that a clerk of a police court in the city of Brooklyn, appointed under section 14 of title 21 of chapter 583 of the Laws of 1888, authorizing the police justices of that city to appoint clerks, the appointees to serve during the pleasure of the justices, is an independent public officer, and, although a veteran soldier of the Civil War, his office does not fall within the provisions of section 1 of chapter 708 of the Laws of 1887, which relates solely to employés. The relator has evidently sought to avoid this ruling of the court by alleging that he "held a position in the county of Kings, being a process server or subordinate or detective in the district attorney's office"; but it is evident that he was appointed to his position under the provisions of chapter 772 of the Laws of 1896, which declares that there shall be "officers known as county detectives in the county of Kings and such officers are hereby created." Under the circumstances, it would be difficult to distinguish the case at bar from that of People v. England, supra. Clearly, the tenure of a clerk of a court, where the statute provides for the appointment of one or more clerks, to hold office "during the pleasure of the justice appointing them," is not materially different from that of a county detective created by statute, and to hold office "during the pleasure of the said district attorney." They are both, as Mr. Justice Cullen suggests, "independent public officers," and not mere employés of a department of the city; and they are not, therefore, within the provisions of the statute of 1887. "When to this is added," say the court in the case cited, "the express provision of the statute that each justice should appoint a clerk, and the clerk hold office at the pleasure of the justice, I think it clear that the legislature did not intend to make the office

of clerk subject to any provisions of law which would give an in-
cumbent a permanent tenure." The remark is equally applicable
to the statute under which the relator was appointed. This is
manifest when it is remembered that chapter 708 of the Laws of
1887 is a local law, and that chapter 772 of the Laws of 1896 is
of the same character, and distinctly provides, in section 7, that
"all acts and parts of acts inconsistent with this act are hereby
repealed."

Under the doctrine of the case of People v. Dalton, 158 N. Y.
204, 52 N. E. 1119, we are of opinion that chapter 821 of the Laws
of 1896 (substantially re-enacted as section 21 of chapter 370 of the
Laws of 1899), entitled "an act to further amend chapter 716 of
the Laws of 1894, entitled 'An act to amend chapter 312 of the
Laws of 1884,' entitled 'An act respecting the employment of hon-
orably discharged Union soldiers and sailors in the public service
of the state of New York, relative to removals,'" defines the meas-
ure of the relator's rights. Indeed, the relator, by demanding a
peremptory writ of mandamus, practically concedes that he is not
proceeding under the provisions of chapter 708 of the Laws of
1887; for it was held in People v. Goetting, 133 N. Y. 569, 30 N.
E. 968, that a mandamus would not lie, under the provisions of this
act as re-enacted in section 29 of title 22 of chapter 583 of the
Laws of 1888, to try the title of one claiming a public office filled
by another, holding under color of right, where the question of
title turns upon a construction of statutory provisions which are
not entirely clear and unambiguous. It was there held that his
remedy was by information in the nature of a quo warranto. The
remedy by mandamus was first granted inferentially in 1894, and
in 1896 it was expressly provided that a veteran improperly re-
moved should have "a remedy by mandamus for righting the wrong."
This remedy is for wrongs committed under the provisions of chap-
ter 821 of the Laws of 1896, and not for wrongs committed against
the relator as an employé of the city of Brooklyn under the pro-
visions of chapter 708 of the Laws of 1887, assuming it to be in
force. Chapter 821 of the Laws of 1896 is repealed by chapter 370
of the Laws of 1899, but it is substantially re-enacted as section 21
of the repealing chapter; and the rights of the relator must be
deemed to be fixed by the law as it now stands, which provides that
"nothing in this section shall be construed to apply to the posi-
tion of private secretary or deputy of any official or department,
or to any other person holding a strictly confidential relation to
the appointing officer." Is the position of the relator "strictly con-
fidential"? If we read the provisions of chapter 772, we can hardly
doubt that the legislature contemplated that these county detectives
should be strictly confidential officers. They were to "be attached
to the office of the district attorney of said county," and they were
empowered, under the direction of the district attorney, to preserve
order, "to serve all papers and processes issued from the said office
and to examine all bench warrants and orders of arrest in crim-
inal cases and to perform such other duties as may from time to
time be required of them by the said district attorney." In People

v. Gardiner, 157 N. Y. 520, 52 N. E. 564, it was held that unofficial "subpœna servers" in the employ of the district attorney of the city and county of New York were occupying a "strictly confidential" relation to such officer, under the meaning of the statute now under consideration; and no reason suggests itself why the relator's position as an independent official is less confidential in its relations, or why considerations of public policy do not justify the defendant in dismissing him. In the case cited, the court, adopting the opinion of the special term, say:

"It is clear to one who understands the duties of a district attorney—the methods necessary to adopt to successfully prosecute criminals—that the relation of the highest confidence must exist and be preserved on the part of the prosecuting officer towards every subordinate who can or may, under any circumstances, be possessed of office secrets, or operate any part of the secret machinery of the office. Any weakening of this confidence, whether it arises through actual cause or suspicion of matters unprovable, at once affects the efficiency of the service. There is no cure for this but removal."

The order appealed from should be affirmed, with costs. All concur.