EXECUTOR—LEGATEE — DEATH—ASSETS—INSUFFICIENT—DISTRIBUTION—COSTS—
SURVIVING EXECUTOR—ACCOUNTING.

    Where one of the executors of a will, who is also a legatee thereunder, dies during the pendency of administration proceedings, and the assets are insufficient to pay all legacies in full, the accounting can proceed to adjust the accounts of the surviving executor, but no distribution of assets nor ruling as to costs can be had until an administrator is appointed for the estate of the deceased executor, and allowed a hearing before the court.                    .

Application for the judicial settlement of the accounts of Herman Bolte and William Steencken, deceased, executors of the will of Christian Koch, deceased. See 68 N. Y. Supp. 375.

Henry M. Goldfogle, for accountant.
Louis Cohen, for contestant.

THOMAS, S. William Steencken, the deceased executor, was also a legatee, and he is not now represented in the proceeding. The accounting can proceed, notwithstanding his death, to adjust the accounts of the surviving executor, and to determine the amount of the estate remaining in his hands, and to adjudge against him the costs of the litigation (In re Steencken, 51 App. Div. 417, 64 N. Y. Supp. 660); but no distribution can be ordered until an administrator of the estate of Mr. Steencken is appointed, and he has been brought before the court in some proper way, and afforded a hearing. The assets are insufficient to pay all legacies in full, and this objection cannot be met by setting aside a part of the fund. The decree submitted is also objectionable in some formal respects, and I have had a decree prepared which may be examined by counsel before signature. A stipulation was entered in the stenographer's minutes as having been made by "the adult parties hereto" at the beginning of the trial, to the effect that the fees of the referee and the stenographer should be paid out of the estate. The adult persons represented by counsel at this time were the executors, as such, and the widow. Wilhelmina Schumacher, a legatee, does not appear to have been represented by attorney at any stage of the proceeding, or to have joined in the stipulation. The disbursements for the fees of the referee and the stenographer were large, and the contest was more lengthy than was probably anticipated at the time when the stipulation was made. In my opinion, as to the main questions in the case, I have stated that these disbursements, as a part of the costs, should be charged against the surviving executor. The stipu-

lation as to disbursements had not been called to my attention, and this may require a modification of the ruling. The question whether Mr. Steencken, as legatee, is bound by the stipulation, or whether this stipulation is binding upon the court, so as to control my discretion as to costs, and to compel a further rebate of the legacy of Mr. Steencken, should also be reserved until his representative is before the court. No question as to costs will, therefore, be finally determined in the decree now about to be entered, but all of such questions will be reserved until Mr. Steencken's representative is before the court.

Decreed accordingly.