In the Matter of the Estate of JOHN F. MORRISEY, Deceased.

Surrogate's Court, Kings County, May 12, 1939.

*Wingate & Cullen,* for the City Bank Farmers Trust Company and William G. Morrisey, Jr., surviving substituted trustee and successor trustee, respectively, petitioners, and for Timothy Murray and City Bank Farmers Trust Company, as executors, etc., of Maria J. Morrisey, deceased life tenant and trustee.

*Joseph V. Mitchell,* for the executors, etc., of Frank J. Morrisey, deceased life tenant and trustee.

*Gray & Tomlin,* for the Roman Catholic Diocese of Brooklyn, New York, the Society of St. Vincent de Paul in the Diocese of Brooklyn, the Brooklyn Home for Blind, Crippled and Defective Children, and the Home for the Aged of the Little Sisters of the Poor, remaindermen.

*Lewis, Marks & Kanter,* for the Brooklyn Hebrew Orphan Asylum, remainderman.

*Latson & Tamblyn,* for the Brooklyn Association for Improving the Condition of the Poor, remainderman.

*Judge & Collins,* for the Sisters of the Poor of St. Francis in charge of St. Peter's Hospital, remainderman.

*Conroy & Hardy,* for the Roman Catholic Orphan Asylum Society, remainderman.

WINGATE, S. The objections to the proposed decree which have been interposed by certain charitable remaindermen are directed at the inclusion of an allowance to the attorney for the representatives of a deceased trustee who, under existing rules at law, were compelled to join in the account which is presently in process of settlement and to the basis of computation of the commissions payable to the successor trustee.

The former question was decided without objection by decision of this court in *Matter of Morrisey* (N. Y. L. J. April 20, 1939, p. 1818). It was founded on considerations wholly different from those which required a denial of statutory compensation to the principals of the attorney.

Although the statutory duty which the latter were required to perform in respect of the account was not one which entitled them to compensation, it was nevertheless an onerous obligation reasonably requiring the assistance of counsel in its performance. It has never been the policy of the law to penalize personally a fiduciary who has acted diligently and in good faith in the performance of his duties. Such would be the result in the present instance were the necessary and reasonable disbursements and expenses of the

fiduciaries of the deceased fiduciary in this regard to be denied. The quoted language from *Matter of Cluskey* (169 Misc. 264, 266) when it is read in conjunction with the issues there determined is a precedent in favor, and not opposed to, such allowance. In any event it has been the immemorial practice of all courts to make reasonable allowances in such situations and, so far as the court is aware, it has never previously been questioned. The proper method of so doing would be by motion for reargument of the previous decision and not by objection to the decree which, in part, effectuates that decision.

The second objection, which is addressed to the basis of computation of the receiving commissions to which the successor trustee, appointed pursuant to the direction of item " tenth " of the will, is entitled, is not sustained by anything in the record. Since his qualification was pursuant to the direction of the will, he is entitled to commissions computed at the rates specified in section 285 of the Surrogate's Court Act. Section 257 of the Surrogate's Court Act possesses no relevancy to his situation.

Only two sets of values are reflected in the account, namely, those which the assets possessed at the time of the qualification of the original trustees, and those which, it is agreed, they presently possess. The latter figure is smaller than the former. There is, however, no indication in the record as to when the shrinkage occurred and for anything which has been made to appear, it may have happened within a fortnight of the date of the account. The successor trustee qualified intermediate these two periods. In the absence of any showing to the contrary, an inference arises that the last previous demonstration of values continued to represent the fact until they were shown to have acquired others. (*Matter of Callahan*, 142 Misc. 28, 35, 36; affd., 236 App. Div. 814; affd., 262 N. Y. 524; *Matter of Auditore*, 136 Misc. 664, 672; affd., 233 App. Div. 740; *Matter of Goodchild*, 160 Misc. 738, 743, and authorities cited.)

The inference accordingly arises that at the time of the qualification of the successor trustee, the securities which came into his joint possession possessed the same value as when the trusts were originally erected. Even were the statement which is made in the memorandum of one of the parties to be accepted, that the present values were ascertained by an appraisement made some three and a half years subsequent to the qualification of the successor trustee, this would not aid the objectors, since inferences do not run backward (*Matter of Auditore*, 136 Misc. 664, 668; affd., 233 App. Div. 740; *Matter of Bates*, 152 Misc. 627, 628; *Matter of Dialogue*, 159 id. 18, 21, and authorities cited). wherefore a showing

that the assets possessed a given value on a certain date would be no indication that a similar condition prevailed three and a half years previously.

The objectors are entitled to have the actual values of the securities at the time of the qualification of the successor trustee fixed by appraisement if they so elect. As a practical matter, it is probable that the cost thereof would considerably exceed the deduction, which would be made from the present computation of the commissions of the successor trustee even if they were successful in establishing that the entire demonstrated depreciation occurred prior to his qualification. Nevertheless, they are entitled to spend their money in this way if they so desire. They should, however, decide the question promptly and will be accorded five days from the publication of this decision in which to apply for the appointment of an appraiser in this regard if they elect to insist upon the adoption of this course.

Proceed in conformity herewith.