In the Matter of the Estate of JOHN H. HURLEY, Deceased.

Surrogate's Court, Kings County, October 4, 1933.

*Friend L. Tuttle,* for the petitioners.

*Franklin M. Tomlin,* special guardian.

*Barry, Wainwright, Thacher & Symmers,* for the executors of Stuyvesant Wainright, deceased, a former executor of John H. Hurley, deceased.

WINGATE, S. The question presented for decision on this accounting, whereas somewhat unusual, is not unprecedented. The decedent, John H. Hurley, died on March 12, 1929, and letters upon his estate were issued on June fourth of the same year to Stuyvesant Wainwright and Perry J. Fuller, the executors named in his will. Wainwright died on November 3, 1930, and Fuller on June 13, 1932. Prior to the death of the survivor, the executors had marshaled the assets of the estate, had paid administration expenses, debts and general and specific legacies and, except for the final fixation of the State inheritance tax, had placed the remaining assets of the estate in a position for delivery to themselves as trustees of the residue.

By the terms of the will this residue was bequeathed " unto my executors * * * in trust " to pay the income to certain specified individuals during the lives of two named nieces. It appointed the hereinbefore noted individuals as executors and dispensed with any security from them " whether acting as executors or as trustees." .

Upon the death of Fuller the present accountants, Wilfred H. Gillon and Friend L. Tuttle, qualified as executors of his estate, their letters being issued by the surrogate of New York county on July 9, 1932.

The principal funds of the Hurley estate remaining at Fuller's death aggregated $79,250.70, and since their qualification the present accountants have collected income due the Hurley estate aggregating $4,081.05.

The present proceeding is an accounting by them pursuant to the provisions of section 257 of the Surrogate's Court Act, in which the applicants seek to be allowed commissions in their individual capacity, and not for the benefit of Mr. Fuller's estate, on paying out the principal sum which came into their hands in respect to Mr. Hurley's estate and also to commissions for receiving and paying out all income of the Hurley estate accruing since the death of their testator.

It is, of course, primary that under the practice of this State the only compensation to which a fiduciary is entitled in the usual case is statutory commissions. (*Matter of Sharp,* 140 Misc. 427, 432; *Matter of Kahn,* Id. 532, 534, and cases cited.) It has also

been repeatedly and authoritatively determined that the rates specified in the pertinent enactment, now section 285 of the Surrogate's Court Act, are controlling. Whether for weal or woe, such compensation is based wholly upon the legally justifiable acts in receiving and paying out specified sums of money or property of the particular fiduciary seeking compensation. Under the terms of the statute both acts are essential to justify an allowance, but by judicial legislation the practice has arisen to separate the two acts of receiving and paying out, and to allow one-half of the specified compensation for each. (*Matter of Barker*, 230 N. Y. 364, 371; *Matter of Whipple*, 81 App. Div. 589, 590; *Matter of Rosenberg*, 124 Misc. 434, 435.) Where a fiduciary has died prior to the full execution of his trust, it has been held that within the limits fixed by the statute, his compensation is within the discretion of the surrogate. (*Matter of Barker*, 230 N. Y. 364, 371.) How far, if at all, this discretion extends beyond an allowance at one-half the statutory rate for receiving those items of property which have come into his hands, and a like percentage for paying out such as have been disbursed, is not clear under the decisions, since it has been authoritatively determined that where the final act of payment has not been accomplished by reason of the death of a fiduciary, an allowance of full statutory commissions to his estate constitutes reversible error. (*Matter of Ziegler*, 218 N. Y. 544, 555, 556; *Matter of Whipple*, 81 App. Div. 589, 590; *Matter of Naylor*, 164 N. Y. Supp. 462, 464, not officially reported; *Matter of McCoy*, 51 Misc. 441, 448; *Matter of Rosenberg*, 124 id. 434, 435.) It is, therefore, obvious that the estate of the present deceased executor has not and never did have a right to the commissions now claimed by the present accountants and the question presently submitted for determination is as to whether the statute regulating commissions confers on the fiduciary of the deceased executor a right which the decedent himself did not possess in respect to the subject-matter of the underlying estate.

In the determination of this question it will be an advantage to analyze the position occupied by the executor of a deceased executor in respect to the estate of which the decedent was fiduciary.

Section 121 of the Decedent Estate Law provides that " an executor of an executor shall have no authority to commence or maintain any action or proceeding relating to the estate, effects or rights of the testator of the first executor, or to take any charge or control thereof, as such executor." This enactment was originally contained in chapter 240 of the Laws of 1909 and has been in continuous effect, without change, since that time. In *Matter of*

*Hayden* (204 N. Y. 330) it received authoritative construction by the Court of Appeals, the opinion reading (at p. 338): " Under this statute an executor or administrator of a deceased executor or administrator is merely the temporary custodian of such part of the unadministered estate of the first testator as may come into his hands. As he has no power to compel delivery to himself, he is under no duty to assume possession, and unless he volunteers to do so he cannot be made liable for the default or misappropriation of others." Again (at p. 340): " Recapitulated in a sentence, the law now permits, and in some cases compels, an executor of an executor or other deceased representative to account, but it does not require him to administer the first decedent's estate, for that is prohibited by section 121 of the Decedent Estate Law; it also empowers the surrogate to compel the representative of the deceased executor, etc., to deliver over property in his possession or control belonging to the estate of the first decedent." (See, also, *Matter of Duncan*, 181 App. Div. 91, 92.)

In *Dodd* v. *Anderson* (197 N. Y. 466, 471) the court points out that " as a will is the only source of an executor's power, and letters testamentary are the only evidence of his authority * * * it must follow that when the former is never established and the latter are never issued, he who assumes to act as executor is merely a volunteer who has assumed the risk of having his acts repudiated by the courts of competent jurisdiction."

In view of the provisions of section 121, as interpreted in *Matter of Hayden* (*supra*), it seems obvious that the position of an executor of an executor in respect to the assets of the underlying estate, is merely that of a gratuitous bailee with the result that if in spite of the statutory inhibition, he intermeddles in its affairs further than is essential for its bare preservation he is in the position of the volunteer envisioned in *Dodd* v. *Anderson* (*supra*), and cannot seek recompense from its assets. Not only does such a result appear inevitable on theory, but it is the precise holding of the Appellate Division in *Matter of Hogeboom* (219 App. Div. 131), which, in reversing a decree of the Surrogate's Court of Rensselaer county for allowance of relief identical with that herein sought, said, in part, as follows (at p. 135): " Thus the accounting executor is in no wise the representative of the estate of which his testator was the executor. He is merely the temporary custodian of the property of that estate which has come into his possession. (*Matter of Hayden*, 204 N. Y. 330, 338.) He has no powers of administration (Decedent Estate Law, § 121, as added by Laws of 1909, chap. 240; *Matter of Duncan*, 181 App. Div. 91), except that, if the surrogate finds that there can be distribution in whole or in part, he may so

direct; and then, ' for the purpose of such payment and distribution,' and for that purpose only, the accounting party has ' all the powers and duties of the deceased representative.' This section 257 does not take from an executor named in a will any part of his right to administer the estate, except as to the extent above stated. The chief purpose of this section in respect to a voluntary accounting is to provide a way by which the estate of a deceased executor can be separated from the estate of which he was executor, to the end that both the accounting party and his testator be freed from liability to the preceding estate." Again (at p. 138): " We think this order was erroneous. She is making an account for the deceased executor. Commissions are paid ' for the care and management of the estate.' (*Wagstaff* v. *Lowerre*, 23 Barb. 209; *Matter of Bushe*, 227 N. Y. 85, 89.) These are allowed only to representatives of the estate, executors, administrators, guardians or testamentary trustees (Surr. Ct. Act, § 285); the petitioner is not such a representative. The commissions which can be allowed as a credit are those which could be allowed to the estate of the deceased executor as due to him for the care and management of the estate to the date of his death."

Petitioner in this application relies upon a decision by the late surrogate of this court in *Matter of Ingraham* (60 Misc. 44), upon an unreported decision of a former surrogate of Albany county and upon the recent decision by Surrogate FEELEY in *Matter of Johnson* (140 Misc. 560). In respect to the first, it need merely be pointed out that the services of the fiduciary therein performed were essential for the preservation of the particular estate which had been intrusted to his testator. The principles hereinbefore discussed were fully reviewed and the result attained was expressly based on the extremely extraordinary facts there demonstrated to exist. Such facts are not present in the case at bar and nothing has been called to the attention of the court which differentiates the present from any other of the almost innumerable accountings under section 257 which are constantly arising. *Matter of Johnson* (*supra*) is not in any way applicable to the facts at bar since it presented for determination the rights of a duly substituted fiduciary of the underlying estate. Finally, the unreported decision of the surrogate of Albany county, called to the attention of the court only on the recollection of counsel in the present proceeding, can scarcely carry weight in opposition to the determination of the Appellate Division in *Matter of Hogeboom* (*supra*).

There are many instances in which the present system of fiduciary compensation renders less than perfect justice, but it can hardly be said that the present furnishes a more exaggerated example of

this condition than in the familiar case of a fiduciary who has been required to perform services in respect to specifically bequeathed property and is denied all compensation therefor. (*Matter of Anable*, 139 Misc. 914.) However this may be, the remedy for any inequity which may exist in this or any other portion of the subject is legislative and not judicial.

In last analysis, since no statutory authority can be assigned therefor, the present application for compensation is addressed wholly to the equitable powers of the court. It is primary that such powers will not be exercised for the enforcement of an alleged right which is contrary to the public policy of the State. (*Matter of Killough*, 148 Misc. 73, 83.) Such public policy is ascertainable in part at least from the statutes of the State. (*Matter of Killough*, 148 Misc. 73, 88.) Section 121 of the Decedent Estate Law expressly prohibits the doing by the petitioners of the acts for which they here seek compensation and it would indeed be a strange action by a court of equity were it to reward them for their direct violation of the statutes.

It must follow, therefore, that the estate of the deceased executor is entitled to receive commissions at one-half the statutory rate upon the property which came into his hands prior to his death, with an additional one-half commission on such portions thereof as were paid out by him; but that the application of his executors for any compensation from this estate must be denied.

Proceed accordingly.