In the Matter of the Estate of JULIA T. CLUSKEY, Deceased.

Surrogate's Court, Kings County, October 19, 1938.

*Thomas E. O'Donnell*, for Mary Stinson, as executrix of the deceased administrator, petitioner.

*Cahill & Fraser*, for Edward A. Rock, distributee, objectant.

*Albert J. Hiers*, for the United States Casualty Company, surety on the bond of the deceased administrator.

*Gray & Tomlin*, for the Roman Catholic Church of Our Lady of Peace, in the borough of Brooklyn, in the city of New York, The Nuns of the Order of St. Dominick, and The Society of St. Vincent De Paul in the Diocese of Brooklyn, Long Island, New York, legatees.

WINGATE, S. The purpose of the amendment to section 257 of the Surrogate's Court Act made by chapter 490 of the Laws of 1938, in the enactment of which this court, as an individual, was an interested and an active party, is fully reflected in the note accompanying the bill which was before the Legislature at the time of the enactment. It may consequently be deemed to demonstrate the legislative intent in the promulgation of this remedial legislation. (*Matter of Derry*, 161 Misc. 135, 137, and authorities cited.)

The evil to be corrected was to supply a remedy for the situation disclosed in *Matter of Hurley* (149 Misc. 68), in which the court was compelled to deny any compensation to a fiduciary of a deceased fiduciary who had actually performed the paying-out services for which commissions at half statutory rates are ordinarily payable. This result was not only an unjustifiable hardship on the fiduciary of the deceased fiduciary who was compelled to perform the attendant labor, but resulted in an unjust enrichment of the distributees of the estate who are properly entitled to its net avails only after the deduction of usual administration expenses, of which the ordinary commission at statutory rates to the fiduciary is one.

The effect of the amendment is to enable the surrogate, upon distribution, to award to the estate of the deceased fiduciary and to his executor or administrator jointly, a sum equivalent to the statutory commission which would have been earned by the deceased fiduciary had he completed the entire task. Under ordinary circumstances, the allocation of this total full commission will be at one-half rates to the estate of the fiduciary for all sums received by him, with an additional sum equal to a commission at one-half rates for sums which he expended, and to his executor or administrator a commission at one-half rates for sums which he disburses.

This procedure will have the effect of accomplishing substantial justice to all concerned, to the deceased fiduciary, since his estate receives the benefit of his actual labors, to his executor or adminis-

trator, since it recompenses his actual performance, and to the beneficiaries of the estate, since it takes from them merely that which would have been allowed by law as the remuneration of the deceased fiduciary had the latter lived to complete the task. In addition, it will frequently result that in this manner the appointment of a successor fiduciary will be obviated, with a resulting saving to the ultimate distributees of an additional commission at half rates.

The contention that under the terms of the statute an allowance for attorneys' services may not be made in addition to the statutory commission, is without merit. Any fiduciary who is properly acting as such is entitled to indemnification for all necessary expenses incurred in the performance of his office.

The objection to the account is accordingly overruled. The compensation of the attorney, which is admittedly reasonable, will be fixed in the sum requested, and commissions to the estate of the deceased fiduciary and to his executrix, individually, will be allowed and allocated in accordance with her petition.

Enter decree on notice in conformity herewith.