In the Matter of the Estate of JOHN F. MORRISEY, Deceased.

Surrogate's Court, Kings County, April 24, 1939.

*Wingate & Cullen*, for the City Bank Farmers Trust Company and William G. Morrisey, Jr., surviving substituted trustee and successor trustee, respectively, petitioners, and for Timothy Murray and City Bank Farmers Trust Company, as executors, etc., of Maria J. Morrisey, deceased life tenant and trustee.

*Joseph V. Mitchell*, for the executors, etc., of Frank J. Morrisey, deceased life tenant and trustee.

*Gray & Tomlin*, for the Roman Catholic Diocese of Brooklyn, New York, The Society of St. Vincent de Paul in the Diocese of Brooklyn, Long Island, New York, the Brooklyn Home for Blind, Crippled and Defective Children, and the Home for the Aged of the Little Sisters of the Poor, remaindermen.

*Lewis, Marks & Kanter*, for the Brooklyn Hebrew Orphan Asylum, remainderman.

*Latson & Tamblyn*, for the Brooklyn Association for Improving the Condition of the Poor, remainderman.

*Judge & Collins*, for the Sisters of the Poor of St. Francis in charge of St. Peter's Hospital, remainderman.

*Conroy & Hardy*, for the Roman Catholic Orphan Asylum Society, remainderman.

WINGATE, S.   Since it has developed that the prior decision herein was predicated upon an erroneous assumption of facts, reconsideration thereof becomes necessary.

As now disclosed, the pertinent facts are that the decedent, John F. Morrisey, by the fourth item of his will, erected a residuary trust for the life benefit of his wife, directing that on her death the corpus should be divided into two equal parts, the first to be held on a secondary trust for his son, with remainder primarily to his issue, and the second outright to certain named charities.

The originally nominated executors and trustees were the widow, the son and Peoples Trust Company (now City Bank Farmers Trust Company), but it was further provided that in the event that any vacancy in the office of fiduciary should occur, the testator's brother, William G. Morrisey, or his son, William G. Morrisey, Jr., should fill the vacancy.

The original fiduciaries qualified in the first instance and their accounts were judicially settled on two occasions, the first in an executorial, and the second in a trust capacity.

Thereafter, on May 5, 1935, the widow died, and William G. Morrisey, Jr., qualified as a successor trustee in her place.   Despite

the fact that upon her death the secondary trust of one-half of the original principal for the son came into being and the other half became payable to the charities, no proceeding for an accounting was instituted.

On August 24, 1936, the son, who was the life beneficiary of the second trust, and one of the trustees, also died, with the result that the second half of the corpus also became absolutely distributable.

An account has now been filed by City Bank Farmers Trust Company and William G. Morrisey, Jr., the surviving trustees, which has been adopted respectively by the executors of the widow and son, the two deceased trustees. These representatives simultaneously assert rights to remuneration under the supposed authority of section 257 of the Surrogate's Court Act, as amended by chapter 490 of the Laws of 1938.

An evaluation of their claims to consideration in this regard requires a recollection of the history of this enactment. This discloses that, so far as presently pertinent, this section has been twice altered. Prior to the revision in 1914 (Laws of 1914, chap. 443), the pertinent provisions of the Code of Civil Procedure, then contained in section 2606, provided merely for a judicial settlement of the accounts of a deceased fiduciary by his executors or administrators and for the surrender of any assets of the underlying estate to a successory fiduciary to be appointed in such underlying estate.

By the 1914 amendment the section was renumbered 2725 and an addition was made thereto which read: " If upon such accounting, the surrogate finds that there can be a distribution, in whole or in part, to the parties entitled thereto, he may make a decree accordingly, and he may also therein direct payment and delivery, by the accounting party, upon such terms and security as may be proper, of the balance, if any, of said estate or fund. For the purpose of such payment and distribution the accounting party shall have all the powers and duties of the deceased representative, trustee or guardian."

The purpose of this addition is entirely obvious even in the absence of the clarifying note of the Revision Committee, namely, to eliminate an additional useless step in the administration of the underlying estate in those instances in which its assets were ready for ultimate distribution and where, under existing rules of procedure, there was no one in existence who had or could convey valid title thereto to the persons presently entitled to possessory enjoyment. Instead of compelling delivery of such assets by the representative of the deceased fiduciary, who was merely a gratuitous bailee thereof (*Matter of Hayden,* 204 N. Y. 330, 338; *Matter of*

*Hurley,* 149 Misc. 68, 71), to a new successor fiduciary, to be appointed, and then having the latter immediately transfer them to the distributees, the intermediate transfer was obviated and the surrogate authorized to permit the representative of the deceased fiduciary to distribute direct to those ultimately entitled.

Whereas this authority permitted the representative of the deceased fiduciary to perform a fiduciary act in such a situation in respect of the assets of the underlying estate, it obviously fell short of constituting him an actual fiduciary thereof (*Matter of Hogeboom,* 219 App. Div. 131, 135), and he was consequently not within the description of section 285 of a person to whom remuneration could be awarded. (*Matter of Hogeboom,* 219 App. Div. 131, 135; *Matter of Hurley,* 149 Misc. 68, 73.)

As this court pointed out in the *Hurley* case, the only remedy for this apparent inequity was legislative and not judicial. Since it was convinced of the unfairness present, it, as an individual, accelerated the amendment of the section in 1938 (chapter 490) by the addition thereto of the provision that " Upon the settlement of the account the surrogate in his discretion may allow to the accounting party reasonable compensation for any service rendered by him to the estate accounted for. The compensation so allowed plus any commissions retained by the deceased fiduciary or payable to his estate shall in no event exceed a full commission under section two hundred eighty-five of this act."

As is fully disclosed by the note appended to the bill effecting this amendment at the time of its passage, its only purpose was to permit the surrogate to award to the representative of the deceased trustee such remuneration, in the form of commissions, which would have been payable to the deceased fiduciary for the acts performed by his representative, had they been performed by the deceased trustee himself, and which were they not performed by such representative must be done by a successor fiduciary to be appointed, who would be entitled to statutory commissions under section 285 of the Surrogate's Court Act for such performance by reason of his act of paying out the assets of the underlying estate.

The situation of the representatives of the two deceased trustees in the present case does not comply with this description. Prior to the death of the trustees they held the trust property as joint tenants (Real Prop. Law, § 66; *Matter of Steencken,* 51 App. Div. 417, 418; *Matter of Kreischer,* 30 id. 313, 315; *Troy & Albia H. R. Co.* v. *Smith,* 11 N. Y. Supp. 261; reported by memo. only, 57 Hun, 594; *Matter of Heubach,* 165 Misc. 196, 202), with the result that on their several deaths, complete title to all property vested in their survivors. Their representatives, therefore, never

received title to or possession of the trust property and it is, therefore, both unnecessary and impossible for them to perform the statutory service of paying out for which alone remuneration to them is contemplated.

As indicated in the note to the 1938 amendment to section 257, the enactment contemplated compensation to the representative of a deceased fiduciary only where, at the time of his death, the deceased fiduciary was the sole functionary in office, and where the representative actually performs one of the two statutory acts which are the sole basis of remuneration (*Matter of Cruikshank*, 169 Misc. 514, 516), namely, of " paying out " the property of the trust to those entitled to distribution thereof. (*Matter of Cluskey*, 169 Misc. 264, 266.)

The assertion that the representatives are entitled to compensation for services performed for the underlying estate by reason of their adoption of the account of the surviving trustees cannot be sustained. Such act was not a service to the underlying estate, but merely a necessary step in the settlement of the estate of the deceased fiduciary in attempted exoneration of his potential personal liability by reason of his fiduciary acts. Even were the contrary the fact, however, it is not a " service rendered " to the underlying estate within the contemplation of the 1938 amendment to section 257.

It follows that any award to the representatives of the deceased trustees will be denied both as matter of law and of discretion.

In so far as the former memorandum of the court in this proceeding is in conflict with the views herein expressed, it is hereby rescinded.

Enter decree on notice in conformity herewith.