In the Matter of the Estate of CHARLES M. PRATT, Deceased.

Surrogate's Court, Kings County, December 8, 1939.

Carter, Ledyard & Milburn [Sidney W. Davidson and McDonald E. Wrenn of counsel], for the executors, petitioners.

Francis D. McGarey, special guardian for infant legatees.

Harry M. Peyser, for the State Tax Commission.

WINGATE, S. Three questions respecting the commission rights of the accounting executors are raised upon the settlement of the decree of judicial settlement of their accounts. The first concerns their right to full commissions in an executorial capacity, despite the fact that portions of the assets are to be retained in their possession as trustees. The second relates to their right to commissions on the appreciation in value of certain assets, in view of the fact that a depreciation has occurred in respect of others; and the third involves the issue as to whether allowance may be predicated on the value of assets delivered in specie at the time of their acceptance by the successor fiduciaries.

No controversy exists respecting the proper solution of the first problem. All parties, including the special guardian, agree that the testator has evinced an affirmative intention that his fiduciaries shall be deemed to act in separate, dual capacities, first as executors, and thereafter as trustees, and the court concurs in their conclusion.

The second question is more controversial. As disclosed by the account, the increase in the value of the assets, as demonstrated by sales thereof by the executors during the period of administration, has totaled $379,659.62. The realized decrease, on the sales of other assets, amounts to $78,407.57. In addition to these items, the executors are delivering assets to the trustees for the purpose of the erection of the trust, one portion of which shows an increase in value of $1,038,106.79, and the other a decrease of $64,015.

The primary issue, under the second question, is as to whether the executors are entitled to receiving and paying out commissions on the entire realized gross profit of $379,659.62 or whether there must be deducted from this sum the determined loss of $78,407.57.

There are two schools of thought on this subject, the first, represented by the opinion of Surrogate TAYLOR of Orange county in *Matter of Corning* (160 Misc. 434) and the second, by the decisions of Surrogate DELEHANTY of New York county in *Matter of Wallace* (N. Y. L. J. Aug. 10, 1937, p. 360) and *Matter of Witkind* (167 Misc. 885, 907) and Surrogate MILLARD of Westchester county in *Matter of Wilson* (Id. 758, 762) which have expressly rejected Surrogate TAYLOR's conclusion.

The accountability of a fiduciary is for each individual asset of an estate as a separate unit. As to each such unit, he owes certain well-defined duties of prudent care and management, for the breach of which he will be held responsible. If complaint be made against his acts, it must relate to a dereliction of duty in respect of some individual asset which has resulted in loss to the objecting party. An assertion of " general " negligence or other improper conduct is insufficient upon which to predicate a surcharge. (*Matter of*

*McCafferty*, 147 Misc. 179, 183.) The specification must show a specific act of wrongdoing which has resulted in identified damage to some individual asset item in which the objector possesses an interest.

It would appear to follow from this conception that in evaluating the rights of the fiduciary to compensation for the services which he has performed, the several assets of the estate, which contribute to its aggregate value, should likewise be scparately treated, and if one has increased in value, commissions should be paid on the increment, quite irrespective of whether a decrease has occurred in another independent asset, without his fault. A contrary determination might well subconsciously incline even a conscientious fiduciary to the retention of a depreciated security which would otherwise be sold for the betterment of the position of the estate.

The thesis of Surrogate TAYLOR for a contrary result, in so far as it is predicated on *Matter of Byrnes* (159 Misc. 302), is unconvincing by reason of the repudiation of its doctrine in *Matter of Schinasi* (277 N. Y. 252), which also points out the distinction between the usual case and the continuance of a business as adjudicated in *Matter of Sidenberg* (204 App. Div. 255); *Beard* v. *Beard* (140 N. Y. 260), and *Matter of Hayden* (54 Hun, 197), upon which the learned surrogate also relies. The distinction is found in the fact that the task of an executor in the usual estate is a dealing with individual and unrelated asset items and is not in the nature of the conduct of an integrated business of which all of the assets are a part.

For the reasons stated, this court is in agreement with the conclusion of Surrogates DELEHANTY and MILLARD that the executors are, in the usual case, entitled to commissions on realized increase in value of the assets under their charge without the deduction of losses which they have sustained without their fault in respect of other assets.

Decision of the final question in the case, respecting the right of the executors to receive commissions on the increase in value of the property which is turned over in specie to the trustees, follows as a corollary to the question just determined by reason of the language of subdivision 5 of section 285 of the Surrogate's Court Act. They would have been entitled to commissions on such increment if the assets had actually been sold. The statute accords them a like right where the property is " distributed or delivered " in specie without actual conversion into cash.

For the reasons stated, the objections of the learned special guardian will be overruled.

Proceed in conformity herewith.