In the Matter of the Estate of ARIANNA M. HUTCHINSON, Deceased.

Surrogate's Court, Kings County, October 18, 1940.

*Neidle & Taylor*, for the Chase National Bank of the City of New York, as executor, etc., of Henrietta Hutchinson Clulow, deceased, trustee.

*Cullen & Dykman*, for the Brooklyn Trust Company, successor trustee.

*Louis Wendel*, special guardian for infant contingent remainderman.

DODD, J., Acting Surrogate. The requested compensation of the attorneys for the accountant is reasonable, and, with the approval of the special guardian, will be allowed.

As the court understands the position of the accountant, it is seeking compensation under its interpretation of section 257 of

the Surrogate's Court Act in a sum distinct from and in addition to the commissions which may be payable pursuant to section 285. The accountant has misapprehended the scope and purpose of the recent amendment to section 257 by chapter 490 of the Laws of 1938. This misapprehension might have been avoided had the note appended to the bill at the time of the 1938 amendment been studied. It is, of course, primary that such a note controls the interpretation to be placed on the statute. (*American Historical Society, Inc.*, v. *Glenn*, 248 N. Y. 445, 451, 452; *People* v. *Schweinler Press*, 214 id. 395, 404; *Matter of Greenberg*, 141 Misc. 874, 882; affd., 236 App. Div. 733; affd., 261 N. Y. 474.)

The object in this enactment was merely to correct the defect in the law disclosed in *Matter of Hurley* (149 Misc. 68) and to permit a payment to the personal representative of a deceased fiduciary, who actually performed the service of paying out to the ultimate distributees, of a sum equivalent to that which the deceased fiduciary would have been entitled had he lived until the complete termination of the trust. (See *Matter of Cluskey*, 169 Misc. 264; *Matter of Morrisey*, 170 id. 1016.)

In the present situation the trust has not terminated. The only duty which the accountant has performed in respect of the trust estate has been to account for the fiduciary acts of its decedent which obligation is imposed by the statute. (*Matter of Moore*, 169 Misc. 336, 337.) No benefit has been conferred upon the trust as such, and none of its essential duties have been performed by the accountant. It may accordingly receive no compensation from the trust assets.

The objection of the special guardian to the computation of commissions to the deceased fiduciary based on gross realized increments in value will be overruled. (*Matter of Pratt*, 172 Misc. 756, 758.)

The further objections addressed to the duration of retention of several investments is incapable of determination in the absence of a hearing for which purpose the issues may be set down by either party on usual notice.

Proceed in conformity herewith.