ESTATE OF ALICE K. LARKIN, DECEASED, GEORGE A. LARKIN, EXECUTOR, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 15816. Promulgated August 5, 1949.

*G. Sydney Shane, Esq.,* for the petitioner.
*Sheldon V. Ekman, Esq.,* for the respondent.

OPINION.

VAN FOSSAN, *Judge*: The petitioner contends that under the law of New York executor's commissions in the amount of $9,686.30, computed at the statutory rates on the value of the gross estate as adjusted by the Commissioner ($492,815.11), less the value of the real estate ($9,500), are allowable as a deduction in computing the net estate under section 812 (b) of the Internal Revenue Code.

The respondent in his brief concedes that statutory commissions on approximately $140,000, the amount received and disbursed by the

executor, have been earned by petitioner and should be allowed as a deduction. He contends, however, that no additional commissions are allowable, for the reason that it is utterly impossible to determine with any degree of accuracy what, if any, commissions will ultimately be paid.

The argument of the respondent that, unless and until the securities are converted into cash and the cash distributed, the executor herein will be entitled to no commissions whatsoever, is without merit in view of the provisions of subdivision 5 of section 285 of the Surrogate's Court Act,[1] which accords executors the right to commissions where the property is "distributed or delivered" in specie without actual conversion into cash. *In re Pratt's Will*, 172 Misc. 756; 16 N. Y. S. (2d) 75, 78.

The cases cited by respondent, viz., *In re Ziegler* (1916), 219 N. Y. 544; 113 N. E. 553; *In re Hogeboom's Will* (1927), 219 App. Div. 131; 219 N. Y. S. 436; and *In re Hurley's Estate* (1933), 149 Misc. 68; 266 N. Y. S. 722, holding that the executor or administrator of a deceased executor is not entitled to commissions for services performed in distributing the underlying estate, were decided prior to the amendment of section 257 of the New York Surrogate's Court Act by the Laws of 1938 (Sept. 1, 1938) and, therefore, are not applicable herein. The purpose of this amendment, as stated in *Cluskey's Estate*, 169 Misc. 264; 7 N. Y. S. (2d) 400, was:

* * * to supply a remedy for the situation disclosed in *Matter of Hurley's Estate*, 149 Misc. 68, 266 N. Y. S. 722, in which the court was compelled to deny any compensation to a fiduciary of a deceased fiduciary who had actually performed the paying-out services for which commissions at half statutory rates are ordinarily payable. This result was not only an unjustifiable hardship on the fiduciary of the deceased fiduciary who was compelled to perform the attendant labor, but resulted in an unjust enrichment of the distributees of the estate who are properly entitled to its net avails only after the deduction of usual administration expenses, of which the ordinary commission at statutory rates to the fiduciary is one.

The effect of the amendment is to enable the Surrogate, upon distribution, to award to the estate of the deceased fiduciary and to his executor or administrator jointly, a sum equivalent to the statutory commission which would have been earned by the deceased fiduciary had he completed the entire task. Under ordinary circumstances, the allocation of this total full commission will be at one-half rates to the estate of the fiduciary for all sums received by him, with an additional sum equal to a commission at one-half rates for sums which he expended, and to his executor or administrator, a commission at one-half rates for sums which he disburses.

The procedure will have the effect of accomplishing substantial justice to all concerned, to the deceased fiduciary, since his estate receives the benefit of his

---

[1] Sec. 285. Commissions of executor, administrator or guardian.

* * * * * *

5. The value of any real or personal property, to be determined in such manner as the surrogate may direct, and the increment thereof, received, distributed or delivered, shall be considered as money in making computation of commissions. * * *

actual labors, to his executor or administrator, since it recompenses his actual performance, and to the beneficiaries of the estate, since it takes from them merely that which would have been allowed by law as the remuneration of the deceased fiduciary had the latter lived to complete the task. In addition, it will frequently result that in this manner the appointment of a successor fiduciary will be obviated, with a resulting saving to the ultimate distributees of an additional commission at half rates.

\*　　\*　　\*　　\*　　\*　　\*　　\*

To the same effect see also *In re Morrisey's Will*, 170 Misc. 1016; 11 N. Y. S. (2d) 640; and *In re Hutchinson's Will*, 175 Misc. 175; 22 N. Y. S. (2d) 867.

Moreover, in *Hurley's Estate, supra*, it was held that the estate of the deceased executor was entitled to receive commissions at one-half the statutory rate upon the property which came into his hands prior to his death, plus an additional one-half commission on such portions thereof as were paid out by him. In the will involved in *Hogeboom's Will, supra*, the husband of testatrix, who died in October 1918, was named executor and life tenant, with the right to use so much of the principal, together with the income thereof, as would be necessary for his comfortable maintenance and support. Upon his death, except for some small bequests, the remainder was to be distributed to two brothers of testatrix, one of whom was named in the will to succeed the husband as executor. The husband-executor died in July 1924, leaving a will in which he named his second wife as executrix. The Appellate Court stated, in part, as follows:

*Upon his accounting in 1919, Dr. Hogeboom was allowed full commissions,* and he was directed to pay out and distribute "as provided by the will." While in some cases the same person in the same estate may have commissions both as executor and trustee, this is not the rule—

"in every instance where trust duties are imposed upon an executor. Where, by the terms or true construction of the will, the two functions with their corresponding duties coexist, and run from the death of the testator to the final discharge, interwoven, inseparable and blended together, so that no point of time is fixed or contemplated in the testamentary intention at which one function should end and the other begin, double commissions or compensation in both capacities cannot be properly allowed." *Johnson* v. *Lawrence*, 95 N. Y. 154, 160; *Matter of Ziegler*, 218 N. Y. 544, 551, 113 N. E. 553, 554. [Emphasis supplied.]

\*　　\*　　\*　　\*　　\*　　\*　　\*

In the instant case there is no mention of a trustee; the income of nearly all of the estate was to be paid by Dr. Hogeboom to himself; there was no actual change of possession from Dr. Hogeboom as executor to Dr. Hogeboom as trustee. The expressed intention is that Dr. Hogeboom, as her executor, should have full charge of her estate, including investing and reinvesting, until his death, and then the successor executor would settle and distribute the estate. We conclude that the estate of Dr. Hogeboom may not be allowed commissions as trustee upon the principal, but that it may be allowed commissions upon the income received and paid out. \* \* \*

*In re Walker's Estate,* 138 Misc. 879; 247 N. Y. S. 534; and *In re Mohr's Estate,* 167 Misc. 523; 5 N. Y. S. (2d) 239,[2] cited by respondent, holding that a fiduciary is not entitled, on an intermediate accounting, to commissions on unrealized increases in security values, are not in point. Although the executor testified that the securities, constituting the bulk of the estate, had a value of approximately $450,000 and that the value thereof within the past three years was up between $500,000 and $600,000, no claim is made for commissions based upon any realized or unrealized increase in the gross estate. The amount of the commissions claimed as a deduction is based upon the value of the gross estate as adjusted by the Commissioner, less the value of the real estate.

In *In re Hoff's Estate,* 186 Misc. 684; 65 N. Y. S. (2d) 234; affd., 62 N. Y. S. (2d) 577; 270 App. Div. 891; affd., 296 N. Y. 650; 69 N. E. (2d) 814, the court stated that, although under the provisions of section 285 of the Surrogate's Court Act, subdivision 5, the value of any real or personal property is to be determined in such manner as the surrogate may direct:

> * * * It has been the customary practice of the Surrogates to accept the values fixed in the estate tax proceedings as of the date of death as the basis for the allowance of the principal receiving commissions of the executor. * * *

The court approved payments of executors' commissions made without prior authority of decree in accounting procedure and computed by the executors in Federal estate tax assessments, under ordinary procedure, on values fixed by the Government as of the date of testator's death and held the amounts paid were not excessive, although a large block of corporate stock owned by the testator shrank in value between such date and the date of the executors' reception of such stock.

Section 285 of the New York Surrogate's Court Act provides that "On the settlement of the account of any executor, * * * the surrogate must allow to him * * * for his services in such official capacity" for "receiving and paying out all sums of money" 5 per cent on the first $2,000, 2½ per cent on the next $20,000, 1½ per cent on the next $28,000, and 2 per cent on all above $500,000.

---

[2] But see *In re Wilson's Estate,* 167 Misc. 758; 4 N. Y. S. (2d) 634, holding that receiving commissions may be computed upon realized gains in the sale of capital assets even though loss may have been incurred in the sale of other assets. To same effect: *In re Witkind's Estate,* 167 Misc. 885; 4 N. Y. S. (2d) 933; and *In re Pratt's Will,* 172 Misc. 756; 16 N. Y. S. (2d) 75 ch. In *In re Mohr's Estate,* 5 N. Y. S. (2d) 239, 241; 167 Misc. 523, it is stated:

"A scrutiny of the cases dealing with the time as of which and the basis of value upon which commissions are to be computed discloses that they are in irreconcilable conflict and that in the authorities principles of decision are assumed to exist which are contradictory of other principles also assumed to exist. * * *"

See also *Petition of Tuckerman,* 60 N. Y. S. (2d) 728.

It is true that, as argued by respondent, the statutory rates of compensation may be changed before the estate involved is settled and the corpus may be depleted through unfortunate investments or otherwise. These are matters of conjecture merely. It is equally possible that at the time of settlement the rates may have been changed so as to increase the compensation of an executor and the value of the estate to be distributed may be considerably in excess of the value of the properties received by the executor.

It is well settled that expenses of administration, including executors' commissions, are deductible in computing the net estate for the purpose of Federal estate tax before they have been paid or allowed by the court having jurisdiction of the estate, provided such expenses are a reasonable estimate of the amount allowable under local law. *Samuel E. A. Stern et al., Executors*, 2 B. T. A. 102; *James D. Bronson*, 7 B. T. A. 127; affd., *Commissioner v. Bronson*, 32 Fed. (2d) 112; *John F. Degener, Jr., et al., Executors*, 26 B. T. A. 185; *Arthur M. Lamport et al., Executors*, 28 B. T. A. 862; *Edith M. Bensel et al., Executors*, 36 B. T. A. 246, 254; affd., 100 Fed. (2d) 639; *Estate of I. H. Burney*, 4 T. C. 449; *Lewis v. Bowers*, 19 Fed. Supp. 745; Regulations 105, sec. 81.33.

In our opinion the amount of $9,686.30 is a reasonable estimate of the amount of executor's commissions allowable under the laws of New York. See *In re Hogeboom's Will, supra,* and *Lewis v. Bowers, supra.* The petitioner, therefore, is entitled to the deduction thereof.

*Decision will be entered under Rule 50.*