Matthew M. Levy, J.
This is a final accounting by the committee of a deceased incompetent. The Referee was appointed to take and state the account and report thereon (Civ. Prac. Act, § 1381 [4]; Matter of Hubbard, 68 N. Y. S. 2d 739). The report of the Referee has been filed recommending that the account be settled as filed.
*682 The only matter which gave me pause is the question of the computation of the committee’s commissions, on which the Referee has made an uncontested recommendation. The committee made sales of securities at a gain, and other sales at a loss, as compared with the value of the securities when received by the committee. The Referee recommended that receiving commissions be allowed on the realized gains without regard to the realized losses. The Referee reports the conflict of authority on the issue (Matter of Corning, 160 Misc. 434; Matter of Wilson, 167 Misc. 758; Matter of Witkind, 167 Misc. 885; Matter of Hutchinson, 175 Misc. 175; Matter of Pratt, 172 Misc. 756). In addition to the precedents he cites, pro and eon, it should be noted that, in Matter of Wallace, Surrogate Delehanty held (N. Y. L. J., Aug. 10, 1937, p. 360, col. 3) that the “ surrogates of this [New York] county have not followed the rule announced in Matter of Corning (160 Misc. 434). The court holds that receiving commissions may be computed on realized gains in the sale of capital assets even though loss may have been incurred in the sale of other assets ”.
The commissions are fixed by statute, and are to be computed on what is “ received ” (Civ. Prac. Act, § 1376; Surrogate’s Ct. Act, § 285). The committee “ received ” the realized gains on the sale of some assets whether or not there was later a loss on the sales of other assets. If the Legislature wanted to change the rule in New York County and to make it uniform throughout the State, it could very readily have so amended the statute in the last 20 years, and certainly when, quite recently, it changed the schedule of fiduciary commissions generally (L. 1956, ch. 54). And in Matter of Lee (3 Misc 2d 1072, 1080) I expressed the view that “ there should be no differentiation between the rulings of the Supreme Court and those of the Surrogate’s Court in determining [the] compensation [of testamentary trustees] ”. This principle should, I think, also apply to the compensation to be awarded trustees named in inter vivos instruments or to committees of incompetents.
Accordingly, an order has been signed, granting petitioner’s motion to confirm the referee’s report, settling the final account, and fixing commissions, fees and expenses as suggested by the Referee, and with resnect to which no objection has been interposed.