ESTATE OF GERTRUDE F. KOSS, DECEASED, ELAINE SAXEN, PERSONAL REPRESENTATIVE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Estate of Koss v. Commissioner
Docket No. 27337-92
United States Tax Court
T.C. Memo 1994-599; 1994 Tax Ct. Memo LEXIS 610; 68 T.C.M. (CCH) 1356; December 7, 1994, Filed *610 Decision will be entered for respondent. P's Federal estate tax return reported a $ 100,000 deduction for an estimated personal representative fee and a $ 125,000 deduction for an estimated selling expense that purportedly would be paid on the prospective sale of certain real estate included in D's gross estate. R determined that these deductions should have been reported as $ 26,400 and zero, respectively. Held: P may deduct $26,400 for an estimated personal representative fee. Held, further, P may not deduct any estimated selling expense for the prospective sale of the real estate. For petitioner: Michael B. Axman. For respondent: Kathleen L. Donohue. LARO
LARO
MEMORANDUM OPINION LARO, Judge: This case is before the Court fully stipulated under Rule 122. The Estate of Gertrude F. Koss, Deceased, Elaine Saxen, personal representative, petitioned the Court to redetermine respondent's determination of a $ 124, 129 deficiency in Federal estate tax liability. Respondent reflected her determination in a notice of deficiency dated September 16, 1992. Unless otherwise indicated, section references are to the Internal Revenue Code in effect for the year of decedent's *611 death. Rule references are to the Tax Court Rules of Practice and Procedure. The term "petitioner" refers to the Estate of Gertrude F. Koss. The term "decedent" refers to Gertrude F. Koss. The term "personal representative" refers to Elaine Saxen. [1]
The issues for decision are: 1. Whether petitioner may deduct $ 100,000 for the estimated personal representative fee of personal representative. We hold that it may not; petitioner may deduct $ 26,400. 2. Whether petitioner may deduct $ 125,000 for an estimated selling expense that purportedly would be incurred and paid on a prospective sale of certain real estate included in decedent's gross estate. We hold that it may not. [2]
*612 Background
[3]
Decedent died testate on June 25, 1988. Decedent was domiciled in the State of Florida when she died. Decedent's daughter, personal representative, was appointed petitioner's personal representative on August 22, 1988. Personal representative resided in the State of Colorado when she petitioned the Court. Decedent's will did not list the amount of compensation to be paid to personal representative (or to any other person acting in this capacity). Decedent's will listed personal representative and personal representative's son as the primary beneficiaries of decedent's estate. Petitioner is in probate in the Probate Division of the Circuit Court for Broward County, Florida (probate court). An inventory was filed with the probate court on October 16, 1989. The inventory listed the fair market value of all of decedent's property at the time of her death as $ 1,586,134. Of this amount, $ 1,127,919 equaled the value *613 of decedent's two-thirds interest in the outstanding stock of a closely held corporation, Peninsula Homes, Inc. (Peninsula). Peninsula's principal asset was a parcel of raw land located in Polk County, Florida (Polk County Property). Peninsula purchased the Polk County Property for investment shortly before decedent's death at a cost of $ 2.1 million. [4] On the date of decedent's death, the Polk County Property was appraised at $ 1,525,000. [5] Decedent's pro rata share of the Polk County Property became an asset of petitioner when Peninsula was liquidated in 1988 after decedent's death. Petitioner's Form 706, United States Estate (and Generation-Skipping Transfer) Tax Return, was filed on or about September 25, 1989. Schedule J, Funeral Expenses and Expenses Incurred in Administering Property Subject to Claims, listed a $ 100,000 *614 deduction for an estimated personal representative fee. Schedule J also listed a $ 125,000 deduction for the estimated expense that would be incurred on a sale of the Polk County Property (selling expense). The preparer of Form 706 determined this estimated expense as follows: Realtor commission [1] x appraised value
$ 152,500
Legal fees re: sale
35,000
Total selling expense
187,500
Petitioner's share of selling expense (2/3)
125,000
The Polk County Property has not been sold, and none of the estimated selling expense has been paid. The Polk County Property is currently listed for $ 1,795,000 with David Watson Realty, Inc., which has been instructed to attempt to obtain buyers on a "make me an offer" basis. The Polk County Property was previously listed with another realtor that secured a contract on January 13, 1989, to sell the property for $ 1.8 million. The potential buyer refused to close on the sale, and the sale contract was never executed. The only other interest in the Polk County Property was shown by some developers representing certain *615 large retail stores. No contracts to purchase the Polk County Property materialized. Discussion
Personal representative seeks to deduct from petitioner's gross estate a personal representative fee of $ 100,000 and a selling expense of $ 125,000. These deductions represent estimates of future expenses. Personal representative argues that she may deduct these amounts because: (1) The fee of $ 100,000 is allowable under the laws of the State of Florida, the jurisdiction overseeing the administration of decedent's estate, and (2) the selling expense of $ 125,000 is a reasonable estimate of the amount that will be incurred and paid in connection with the administration of decedent's estate. Respondent disagrees that petitioner may deduct the claimed amounts. Respondent determined that petitioner may deduct $ 26,400 for an estimated personal representative fee and nothing for an estimated selling expense of the Polk County Property. Petitioner bears the burden of proving respondent's determinations incorrect. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933); Estate of Gilford v. Commissioner, 88 T.C. 38, 51 (1987). *616 Petitioner also bears the burden of proving petitioner's entitlement to any deduction. New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934); Estate of Damon v. Commissioner, 49 T.C. 108, 118 (1967). Petitioner must keep sufficient records to substantiate petitioner's entitlement to any deduction. Sec. 6001. The fact that the parties submitted this case to the Court fully stipulated does not change or otherwise lessen petitioner's burden of proof. [6]Rule 122(b); Borchers v. Commissioner, 95 T.C. 82, 91 (1990), affd. on other issues 943 F.2d 22 (8th Cir. 1991). *617 The value of a decedent's taxable estate equals the value of his or her gross estate less certain deductions, including those enumerated in section 2053(a). The enumerated deduction at issue is administration expenses. See sec. 2053(a)(2). Section 2053(a) allows a decedent to deduct from his or her gross estate "such amounts * * * (2) for administration expenses * * * as are allowable by the laws of the jurisdiction * * * under which the estate is being administered." Personal Representative's Fee
Personal representative may deduct from petitioner's gross estate the amount of personal representative's commissions that constitute a reasonable estimate of the commissions allowable under the laws of the State of Florida. See, e.g., Estate of Larkin v. Commissioner, 13 T.C. 173, 178 (1949). Florida law allows a personal representative to be paid reasonable compensation for his or her services in administering a decedent's estate. Phipps v. Estate of Burdine, 586 So.2d 381 (Fla. Dist. Ct. App. 1991). Fla. Stat. Ann. sec. 733.617 (West 1976 & Supp. 1994), which applies to the estate of decedent, provides that *618 reasonable compensation for a personal representative shall be based upon one or more of the following: (a) The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the service properly. (b) The likelihood that the acceptance of the particular employment will preclude other employment by the person. (c) The fee customarily charged in the locality for similar services. (d) The amount involved and the results obtained. (e) The time limitations imposed by the circumstances. (f) The nature and length of the professional relationship with the decedent. (g) The experience, reputation, diligence, and ability of the person performing the services.
Respondent and personal representative both use the lodestar method to estimate the fee allowable to personal representative under Fla. Stat. Ann. sec. 733.617 (West 1987).[7] Respondent's estimate is $ 26,400, and personal representative's estimate is $ 100,000. The Florida Supreme Court has used the lodestar method to determine the reasonable compensation of a personal representative under Fla. Stat. Ann. sec. 733.617 (West 1987). In re Estate of Platt, 586 So.2d 328, 334-335 (Fla. 1991); *619 see also Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145, 1151 (Fla. 1985). The lodestar method involves multiplying (1) the number of hours reasonably expended in providing services, by (2) a reasonable hourly rate for the services provided. [8]Florida Patient's Compensation Fund v. Rowe, supra at 1151. Personal *620 representative's estimate of $ 100,000 for her personal representative fee is based on her contentions that: (1) 1,000 hours is a reasonable estimate of her total hours expended in administering decedent's estate and (2) $ 100 is a reasonable hourly rate. Personal representative attempts to support her 1,000-hour estimate by listing the following tasks that she has performed in administering decedent's estate: (1) Traveling to New York and Florida; (2) hiring various professionals, including accountants, lawyers, appraisers, stock brokers, and real estate brokers; and (3) meeting and conferring with these professionals to assist her in the estate's administration. In addition to these tasks, personal representative contends that she has encountered the following administrative difficulties and burdens: (1) Handling an audit conducted by the State of Florida; (2) clearing title on land titled in the name of certain dissolved New York corporations of which decedent was the sole shareholder; (3) selling various parcels of real estate, including the Polk County Property, on behalf of petitioner; (4) valuing and liquidating Peninsula; (5) handling administrative proceedings concerning *621 petitioner, including the audit of its estate tax return; and (6) preparing the instant case for submission to the Court. We are not persuaded that the 1,000 hours estimated by personal representative is reasonable. Personal representative's estimate is supported solely by her self-serving testimony. [9] We find relevant the fact that this estimate is not verified by other corroborating evidence or by complete and accurate records. See sec. 6001. Indeed, personal representative testified that she neglected to maintain daily records detailing either the time she spent administering decedent's estate or the specific efforts she undertook on petitioner's behalf. Although personal representative listed several administrative duties that she allegedly performed (and is allegedly still performing) on behalf of petitioner, her testimony with respect to these duties is general and conclusory. For example, personal representative testified that she made several trips to New York and Florida. She did not, however, support this testimony with the specific dates on which she traveled, the duration of these trips, or the nature and extent of the services that she rendered while at these *622 locations. Our conclusion is supported further by the law of the State of Florida. Specifically, Florida courts emphasize the need for accurate and contemporaneous records of the work performed and the time expended by a personal representative in determining the number of hours that she spent in administering an estate. Florida Patient's Compensation Fund v. Rowe, supra at 1150, and the cases cited therein; cf. United States v. White, 853 F.2d 107, 116-117 (2d Cir. 1988) (executor's books and records are relevant in ascertaining the deductibility of his fees under New York law). Because personal representative failed to maintain daily records, she has no documents that accurately record the number of hours that she spent *623 administering decedent's estate. According to the Florida Supreme Court, inadequate documentation may lead to a reduction in the number of compensable hours claimed by a personal representative in administering an estate. Florida Patient's Compensation Fund v. Rowe, supra at 1150. We find the instant case is such a case. In light of the dearth of evidence presented by personal representative, we conclude that her claimed $ 100,000 fee is not a reasonable estimate of the amount allowable under the law of the State of Florida, i.e., the law governing the administration of the estate. [10]Sec. 2053(a) (2); Adams v. Commissioner, 110 F.2d 578, 584 (8th Cir. 1940). Accordingly, we sustain respondent's determination with respect to this issue, allowing petitioner to deduct $ 26,400 as a personal representative fee. *624 Selling Expense
Personal representative also deducted $ 125,000 from the value of decedent's gross estate for an estimated selling expense for the sale of the Polk County Property. Personal representative has neither sold the Polk County Property nor paid any related selling expense. Personal representative argues that this estimated selling expense will be paid once the Polk County Property is sold, and that she has been attempting to sell the property. Personal representative contends that her attempt to sell the Polk County Property is evidenced by the facts that: (1) The property is listed with a realtor that has been instructed to attempt to obtain buyers on a "make me an offer" basis; (2) several developers representing large retail stores have recently expressed an interest in the property; and (3) the property is attractive to these developers because it is zoned as a strip shopping center. Respondent replies that it is highly speculative whether and when the Polk County Property will be sold. We agree with respondent. The record contains no persuasive evidence to support personal representative's contrary assertions. [11] Her bald assertion that the Polk County *625 Property will be sold within the foreseeable future does not convince us that a sale will take place soon, if at all. Although personal representative attempts in her brief to support her assertion, the Court does not consider statements in her brief as proof. Rule 143(b); Neidringhaus v. Commissioner, 99 T.C. 202, 214 n.7 (1992); Viehweg v. Commissioner, 90 T.C. 1248, 1255 (1988); Lyon v. Commissioner, 1 B.T.A. 378, 379-380 (1925). A careful reading of the record exposes the weaknesses in personal representative's contention of a contemplated sale and illuminates the uncertainty of such a sale. Personal representative has had over 4 years from the filing of Form 706 and over 6 years from decedent's death to sell the Polk County Property. *626 Yet the property remains unsold, and the record demonstrates that its sale is not imminent. For example, the record contains neither an advertisement to sell the Polk County Property nor a recent offer to acquire it. The mere fact that the property has been listed with a realtor or that it is zoned for a strip shopping center does not change our view. Only one offer has been made to buy the Polk County Property in over 4 years, and the record fails to indicate that the realtor has been actively attempting to sell the property. Therefore, we believe that the estimated selling expense is too speculative to be allowed as a deduction under sec. 2053. Estate of Smith v. Commissioner, 57 T.C. 650, 662 (1972), affd. 510 F.2d 479 (2nd Cir. 1975); Estate of Dutcher v. Commissioner, 34 T.C. affd. 918, 927 (1960). Accordingly, we sustain respondent with respect to this issue. We have considered all arguments made by personal representative and, to the extent not addressed above, find them to be without merit. To reflect the foregoing, Decision will be entered for respondent. Footnotes
1. Decedent's will provided that Elaine Saxen and decedent's grandniece, Betty L. Watson, would be co-personal representatives of decedent's estate. The record, however, does not indicate that Betty L. Watson ever served in that capacity. Accordingly, we use the term "personal representative" to refer solely to Elaine Saxen.↩
2. The petition alleges that petitioner may also deduct $ 23,000 in real estate taxes. The stipulations are silent with respect to this issue, and personal representative has presented no evidence on it. Personal representative also did not argue this issue in her brief or reply brief. We decide this issue for respondent. Personal representative has failed to carry her burden of proof. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115↩ (1933).
3. The stipulated facts and exhibits are incorporated herein by this reference.↩
4. The property is zoned for a strip shopping center.↩
5. The record does not indicate the reason for the $ 575,000 difference between the cost and the appraised value of the property.↩
1. A 10-percent commission was used for this computation. The record contains no support for the 10-percent rate.↩
6. Petitioner is apparently confused on the burden of proof in this case. As petitioner stated in its brief: "Respondent has not presented any cogent argument with which to disallow a deduction for either the personal representative's fee in the amount of $ 100,000 or the estimated expenses in connection with the sale of the Polk County property in the amount of $ 125,000. Therefore, these deductions should be allowed as claimed on Form 706".↩
7. The fact that respondent used the lodestar method in her determination was not stated in her notice of deficiency. Both parties, however, applied the lodestar method in their briefs.↩
8. In certain limited circumstances, the Florida Supreme Court has increased the lodestar to account for the risk of nonpayment for an attorney who is working under a contingent fee arrangement. The Florida Supreme Court, however, has not increased the lodestar for the risk of nonpayment in probate cases because this risk is rarely present in a probate case. In re Estate of Platt, 586 So.2d 328, 336↩ (Fla. 1991).
9. Although personal representative did not testify at a trial of this case, the parties have stipulated what her testimony would have been had she so testified. For simplicity, we refer to her stipulated testimony as her testimony.↩
10. personal representative also did not present any evidence establishing $ 100 as a reasonable hourly rate for her services. Thus, personal representative also did not meet her burden of establishing the prevailing rate charged in the community for similar services. New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934); see also Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145, 1151↩ (Fla. 1985).
11. personal representative also has not convinced us that $ 125,000 is a reasonable estimate of the selling expense that would be incurred and paid on a sale of the Polk County Property. ↩