Matter of Clifford (2024 NY Slip Op 24098)

[*1]

Matter of Clifford

2024 NY Slip Op 24098

Decided on March 28, 2024

Surrogate's Court, Monroe County

Ciaccio, S.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Official Reports.

Decided on March 28, 2024
Surrogate's Court, Monroe County

In 
 the Matter of the Estate of Gerald R. Clifford Deceased.

File No. 2018-1242/L

Peter J. Glennon, Esq., of counsel to The Glennon Law Firm, P.C., Attorneys for William Clifford, the Petitioner herein and Trustee of the Gerald R. Clifford Trust. 
Martin W. O'Toole and Jerauld E. Brydges, Harter Secrest & Emery LLP, attorneys for the Objectant Daniel Clifford. 

Christopher S. Ciaccio, S.

William N. Clifford ("William"), the trustee of a testamentary trust created by his father, Gerald R. Clifford, having filed a final accounting, has moved pursuant to CPLR 3211 (a) (7), failure to state a cause of action, to dismiss the fifty-five (55) Objections to the account filed by beneficiary Daniel K. Clifford ("Daniel"), William's brother, on the ground that the Objections are not sufficiently detailed to give notice of the defects or irregularities with the account. 
For the reasons below, the motion is granted in part and denied in part.
BACKGROUND
The background relevant to the determination of the motion is set forth below,[FN1]
and there are very few, if any, genuine factual disputes.
Gerald R. Clifford died in 2018, survived by his wife Jane N. Clifford ("Jane") and three sons, William, Daniel and Peter M. Clifford ("Peter"). His Last Will and Testament created a By-Pass Trust into which passed ownership pf several real properties and businesses, including Thirsty's Young Gentlemen, Inc. ("Thirsty's"), 2900 Monroe LLC, and Clifford's of Pittsford, LP.
Jane was appointed as the nominated trustee of the By-Pass Trust, and under the terms of the Will selected John A. Post III to serve as co-trustee.
Jane died on January 3, 2021.
John Post resigned as trustee, his reluctance to serve owing in part to an allegation made by William that Mr. Post was "conspiring" with Daniel to sell Thirsty's to Daniel for less than [*2]market value.
William was then named interim successor trustee. Daniel objected, alleging that William maintains "personal animosity" towards Daniel that "has and will continue to affect his judgment as a fiduciary."
There followed several meetings between the court and counsel regarding the sale of Thirsty's Young Gentlemen, Inc., which did not result in an agreement on the price or whether Daniel would be allowed to purchase Thirsty's.
William then petitioned for approval of the sale of Thirsty's to a third-party buyer. The court allowed, by Decree dated December 15, 2021, Thirsty's to be sold to Daniel, whose offer was deemed the highest. The court also denied the petition brought by Daniel for the removal of the Trustee. (NYSCEF No. 286.)
One week later, Daniel petitioned for an Order compelling the trustee to file an account.
William filed a petition for judicial settlement and final accounting on November 4, 2022.
Daniel filed his Objections to the account on July 6, 2023. He interposed 55 objections, which William has now moved to dismiss pursuant to CPLR 3211 (a) (7), arguing that as a matter of law every objection lacks sufficient specificity to constitute an actionable objection to the account.
DISCUSSION
Generally, a motion to dismiss objections to an estate accounting, like other pleadings, may be made pursuant to the grounds available under CPLR 3211(a) (see Matter of Holterbosch, 216 AD3d 783 [2d Dept 2023]).
On a motion to dismiss pursuant to CPLR 3211 (a) (7), a court must afford the pleading a liberal construction, accept the facts alleged as true, accord the pleading the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (see Leon v Martinez, 84 NY2d 83, 87-88 [1994]).
In an accounting proceeding, the petitioner's accounting and the objections constitute pleadings of the parties and, as such, must be "sufficiently particular" (SCPA 302 [2]) to give the court and parties notice of the claim, objection, or defense. Conclusory allegations and claims consisting of bare legal conclusions without factual specificity are not sufficient to survive a motion to dismiss (see Matter of Holterbosch, 216 AD3d 783, 784; see also Godfrey v Spano, 13 NY3d 358, 373 [2009]). 
It has been held that an objection must relate to "a specific act of wrongdoing which has resulted in identified damage to some individual asset item in which the objector possesses an interest." (Matter of Pratt, 172 Misc 756, 757-58 [Sur Ct, Kings County 1939]).
A surcharge, to be applied against the fiduciary, must be "traceable" (Matter of McCafferty, 147 Misc 179, 184 [Sur Ct, Kings County 1933]) to the omission or defect in the account. An allegation of "general negligence" in the executor's conduct of the affairs of the estate is "legally meaningless" and subject to dismissal (Matter of McCafferty, 147 Misc 179, 183 [Sur Ct, Kings County 1933]). "The essential thing is that the negligence must be the cause of the loss" (Matter of McCafferty's Will, 147 Misc at 84], quoting Matter of Brower, 71 Misc 398, 400 [Sur Ct, Kings County 1911]). 
More recently, Surrogate Anderson of New York County Surrogate's Court held that objections that fail to give "fair notice of an issue that can be litigated or cannot be the subject of a surcharge" are subject to dismissal (Estate of Altagracia Martinez, 2022 NYLJ LEXIS 2630, [*3]*2-3 [Sur Ct, NY County 2021]).
The facts of the most oft-cited cases (see e.g. 7 Warren's Heaton on Surrogate's Court Practice § 101.04 [2024]) are instructive.
Thus, in Matter of Caridi, (2019 NYLJ LEXIS 2471 [Sur Ct, NY County 2019]) the Surrogate held that the objections to an accounting did "not single out any particular entry in the account or refer to any specific action of the trustee," making a response "impossible" resulting in dismissal of the objections pursuant to CPLR 3211(a) (7).
In Matter of Breyer (2019 NYLJ LEXIS 2886 [Sur Ct, NY County 2019]) objections to the fiduciary's accounting read: "[a]ssets in the estate belong in part to me [,] and the Bank ... has failed in its fiduciary responsibilities towards me and the remaindermen involved in my father's will." This, the court held, did not raise an issue upon which to base a claim.
In Matter of Holterbosch (216 AD3d 783, 785 [2d Dept 2023]) the Second Department held that the "Surrogate's Court properly granted the petitioner's motion to dismiss the objectant's objections to the petitioner's accounts since the objectant failed to allege or evince any facts (emphasis added) that would support a finding that the petitioner's accounts were inaccurate, incomplete, or otherwise should not have been judicially settled" (internal citations and quotations omitted). Unfortunately, the court (besides conflating the standards for review of summary judgment and trial submissions with a motion to dismiss under CPLR 3211 [a] [7]), did not quote the specific language of the objections that it held failed to state a claim, although it is enough that under Matter of Holterbosch the failure "to allege or evince . . . facts (emphasis added)" will be a basis to dismiss objections. 
In Estate of Altagracia Martinez (2022 NYLJ LEXIS 2630, *2-3 [Sur Ct, NY County 2022] [Anderson, J.]) the court dismissed the objections (filed by a pro se litigant) because they failed to make "specific reference to the account" or allege "improper conduct." The court cited as examples that the objectants alleged that they were not given enough time "for discovery in this process," and that "all contract enter [sic] by the [Administrator] . . . are illegal." Thus "the objections either fail to give fair notice of an issue that can be litigated or cannot be the subject of a surcharge in any event."
The Court of Appeals in Matter of Grace (21 NY2d 944 [1968], affg 27 AD2d 659 [2d Dept 1967]) upheld dismissal of objections that the fiduciary contended were "sham, frivolous and insufficient in law" (Matter of Grace, 21 NY2d at 946). Five objections had been filed, and all were dismissed except for one which contended that the legal fees and other administrative expenses were excessive. An objection which read that the "alleged failure to sell certain stock rights promptly, resulting in an allegedly unnecessary loss," was dismissed "without trial or further pretrial proceedings" (id.).
Working through the objections filed in this case and applying the standards cited above, the following conclusions can be drawn. 
Objections numbered "1" and "16" are of the type that state a claim of general negligence. The use of the word "sooner," as in "Failure to have concluded the Trust sooner. . ." is entirely too vague to give notice of the issue to be litigated. Failing to state a date as to when the trustee should have concluded the partnership and/or have distributed assets sooner, or why, or anything else that could be characterized as factual, objection one is dismissed.
Similarly, objection number 16 - "failed to make Clifford's of Pittsford profitable" - is an allegation of general negligence, not all that different than "failed in its fiduciary responsibilities" (Matter of Breyer 2019 NYLJ LEXIS 2886) and not identifying any specific [*4]"improper conduct" that resulted in lack of profitability. 
Objections numbered 12, 13, 15, 20, 21, 26, 33, 34, 35, and 54 are dismissed as they do not on their face signify any impact on particular assets of the trust, do not point to an improper action that can be the subject of a surcharge, and do not state an issue that can be litigated (beyond a request for information). For example, objection number 12, "failure to observe corporate formalities . . .. with respect to the House of Bacchus," even if true, would have no impact on any asset of the trust.[FN2]
Similarly, objection number 20, "Failure to have provided timely notice to Objectant that a Schedule k-1 would be issued for the Trust . . ." does not indicate conduct that can be the subject of litigation nor does it refer to the impact on the assets of the trust.
Objections numbered 27, 28, 29, 30, 31, 32, 37, 38, and 39 state contingencies or hypotheticals, not actual "facts," and are dismissed. Admittedly in most of the objections listed the contingent "facts," if true, would have an impact on the assets of the trust (however trivial or minimal). For example, objection number 28 objects to the payments to cover Peter Clifford's cell phone bill, yet the objection fails to state whether it was actually paid and the actual amount paid. The appropriateness of the issue raised for litigation is dubious.
It is in reality, like the other objections listed in the preceding paragraph, a discovery issue. Conceivably discovery, or a simple follow-up letter exchange of information, would shed light on the critical issue of whether Peter Clifford's cell phone bill was paid (which would seem an easier and less expensive route to go than filing an objection on that issue), and if it was paid out of trust assets then the objection can be re-filed (or the objections amended) (see Matter of Shay [Edna Block Revocable Trust], 33 Misc 3d 1230[A] [Sur Ct, Bronx County 2011]; In re Will of Vartanian, 2013 NYLJ LEXIS 1132 [Sur Ct, NY County 2013: "At the outset, the Court notes that these objections do not give rise to material issues of fact. Rather, they are in the nature of a request for further discovery"]).
Objections 6-11 are withdrawn upon consent of the parties.
The remaining objections state sufficient facts with particularity and if established would result in damage to the trust assets that would be the subject of a surcharge. Most seem to be matters of law on which summary judgment would be appropriate, however, the legal issues have not been briefed and the court declines to treat the motion as one for summary judgment (see CPLR 3211 [c]).
On the issue of attorney's fees, the court reserves decision.
The petitioner shall submit an Order.
Dated: March 28, 2024
Rochester, New York
Hon. Christopher S. Ciaccio
Surrogate Court Judge

Footnotes

Footnote 1:As well as in a prior decision of this court (NYSCEF # 268 filed August 25, 2021), and in a decision of the Appellate Division, Fourth Department (Matter of Clifford, 204 AD3d 1397 [4th Dept 2022]) affirming this court's decree of December 16, 2020 (NYSCEF # 132).

Footnote 2:In no submission has the objectant contended it would.